219 F.2d 699
 DIRECT TRANSIT LINES, Inc., Petitioner,
v.
Honorable Raymond W. STARR, Chief Judge, for the United
States District Court for the Western District of
Michigan, Southern Division, Respondent.
 No. 12320.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1955.
 
 Robert C. Winter, Wilhelmina Boersma, H. William Butler of Clark, Klein, Brucker & Waples, Detroit, Mich. (on the brief), for Direct Transit Lines.
 Saul Cooper, Milwaukee, Wis., and A. Robert Kleiner, Morse & Kleiner, Grand Rapids, Mich., Padway, Goldbert & Previant, Milwaukee, Wis. (on the brief), for respondent.
 Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner brought suit in the Superior Court of Grand Rapids, Michigan, to enjoin certain individual members of a labor organization from interfering in various ways with its business as a common carrier by motor vehicle in alleged violation of the law of Michigan. That court issued a temporary restraining order.
 
 
 2
 Thereafter the defendants in that case removed the cause to the Federal District Court for the Western District of Michigan, claiming that the cause was one arising under an Act of Congress regulating commerce, namely, The Labor Management Relations Act of 1947, 29 U.S.C.A. § 151 et seq., and therefore removable under 28 U.S.C.A. § 1441(b).
 
 
 3
 The petitioner promptly moved to remand the cause to the Superior Court of Grand Rapids, which motion was denied by the district court. The district court also dissolved the temporary restraining order previously issued by the state court.
 
 
 4
 Petitioner then filed in this court an application for leave to file its petition for a writ of mandamus directing the district judge to remand the cause to the state court. We granted the application and issued an order to show cause why a writ of mandamus should not issue.
 
 
 5
 Upon consideration of the petition and response and the respective briefs in support thereof, we are of the opinion that the action is not one of which the federal district courts have original jurisdiction, that the district court therefore had no jurisdiction upon removal, and that the cause should accordingly have been remanded to the Superior Court of Grand Rapids. It would appear that the proper remedy, if the cause is within the exclusive purview of the National Labor Relations Board, is not removal to the United States district court, but by appropriate action in the state court, as in Garner v. Teamsters, Chauffeurs and Helpers Local Union, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228. This view is in accord with two other district courts in this Circuit which have considered the question, as well as with district courts elsewhere. Richman Bros. Co. v. Amalgamated Clothing Workers of America, D.C.N.D. Ohio 1953, 114 F.Supp. 185; Food Basket v. Amalgamated Meat Cutters, etc., D.C.W.D.Ky.1954, 124 F.Supp. 463; Walker v. United Mine Workers of America, D.C.W.D.Pa.1952, 105 F.Supp. 608; Rock Hill Printing & Finishing Co. v. Berthiaume, D.C.W.D.S.C.1951, 97 F.Supp. 451. Such a result is in conformity with the reasoning of the United States Courts of Appeals, including this court, and with the law enunciated by the Supreme Court as we understand it. See Amalgamated Clothing Workers v. Richman Bros. Co., 6 Cir., 1954, 211 F.2d 449; International Union of Electrical, Radio and Machine Workers, CIO, v. Underwood Corporation, 2 Cir., 1955, 219 F.2d 100; Amazon Cotton Mills Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183; Amalgamated Ass'n., etc., v. Dixie Motor Coach Corp., 8 Cir., 1948, 170 F.2d 902; California Ass'n of Employers v. Building and Const. Trades Council, 9 Cir., 1949, 178 F.2d 175. Cf. Garner v. Teamsters, Chauffeurs and Helpers Local Union, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228; United Construction Workers, Affiliated with United Mine Workers v. Laburnum Construction Corp., 1954, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025. To the extent that the views here expressed are inconsistent with the language contained in our per curiam opinion in Direct Transit Lines, Inc., v. Local Union No. 406, etc., 6 Cir., 1952, 199 F.2d 89, that language should be disregarded, in view of the decisions cited above.
 
 
 6
 We have concluded, however, that despite the opinion we have expressed, we should refrain from issuing a writ of mandamus, since the district court's refusal to remand will be reviewable upon appeal appropriately taken from a final judgment. We reach this conclusion with reluctance, realizing as we do the inconvenience, delay and expense to the litigants that it may occasion, but our conclusion is dictated by authority. Ex parte Harding, 1911, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252; Ex parte Roe, 1914, 234 U.S. 70, 34 S.Ct. 722, 58 L.Ed. 1217; Ex parte Park Square Automobile Station, 1917, 244 U.S. 412, 37 S.Ct. 732, 61 L.Ed. 1231; see Roche v. Evaporated Milk Ass'n, 1943, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185.
 
 
 7
 Whether the district court's dissolution of the temporary restraining order would be an appealable order is a question not now before us. See Missouri-Kansas-Texas R. Co. v. Randolph, 8 Cir., 1950, 182 F.2d 966; John Hancock Mut. Life Ins. Co. v. Kraft, 2 Cir., 1953, 200 F.2d 952; Bailey v. Willeford, 4 Cir., 1904, 131 F. 242. Cf. Johnson v. Butler Bros., 8 Cir., 1947, 162 F.2d 87, 172 A.L.R. 1157; Schell v. Food Machinery Corporation, 5 Cir., 1937, 87 F.3d 385, certiorari denied 300 U.S. 679, 57 S.Ct. 670, 81 L.Ed. 883; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 1951, 188 F.2d 902.
 
 
 8
 The petition for a writ of mandamus is denied for the reasons stated.