**RALPHS GROCERY COMPANY, Division of Federated Department Stores, Inc., a corporation, Plaintiff,**

**v.**

**MEAT CUTTERS UNION LOCAL NO. 421 et al., Defendants.**

**No. 73–1306–AAH.**

United States District Court, C. D. California.

June 14, 1973.

Center and a "Satellite Meat Processing Facility," which facilities, and their employees, are all within the geographical jurisdiction of Meat Cutters Union Local No. 421 which represents said employees for the purposes of collective bargaining. All of the beef sold in Plaintiff's chain of retail markets is first fabricated and processed in the Meat Distribution Center, and the "Satellite" plant is an experimental facility for the cutting, preparing, fabricating and wrapping of beef products for some 7 of Plaintiff's Downtown Los Angeles retail stores whose meat cutting facilities and refrigeration coolers are inadequate for their sales volume.

In the Complaint it is alleged that the Plaintiff has abided by all of the terms and conditions of the three-year collective bargaining agreement and contract which it entered into with the Defendant Union Local No. 421 on November 2, 1970, known as the "Retail Meat Agreement", which is attached as Exhibit A to the Complaint. It is the contention of Plaintiff that while the contract provides that all fresh unfrozen meat must be cut, fabricated and wrapped upon the premises of the retail stores, nevertheless there is an express exception of "new methods of operations not presently in the industry, including any centralized system or method of cutting, preparing, fabricating or wrapping . . . ."

Plaintiff further contends that as part of this exception, and since the Satellite plant comes within this exception as a pilot program for new methods, it, the Plaintiff, followed the express terms of the contract in giving the appropriate notices to the Union so that the Union would not be able to engage in any strike, work stoppage or picketing without violating the contract. Nevertheless, so it is alleged by Plaintiff, the Defendant Unions started and have continued a strike, work stoppage and picketing at the Satellite plant since May 29, 1973, with resultant losses, damages and injuries to Plaintiff at its 7 Downtown retail stores which are dependent upon the Satellite plant, which losses, damages

McLaughlin & Irvin, Los Angeles, Cal., for plaintiff.

Charles M. Arak and Ronald Arak, Arak & Arak, Los Angeles, Cal., for defendants.

Memorandum opinion and order of remand 28 U.S.C. § 1447(c)

HAUK, District Judge.

The Complaint is brought by Ralphs Grocery against the two Unions who represent numerous meat cutters and meat wrappers in meat departments of food markets, including Ralphs Markets in the County of Los Angeles, California, for collective bargaining purposes. Plaintiff owns and operates a chain of some 67 retails food markets, with meat departments therein, a Meat Distribution

and injuries are impossible to ascertain and, therefore, should be enjoined.

The prayer of the Complaint is for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ordering Defendants to cease and desist from the strike, work stoppage and picketing at the Satellite plant, or any other plant or facility, or store of Plaintiff.

It should be here noted that there is absolutely no claim for damages, nor is there any statement of any kind of a Federal question, diversity or other possible grounds for Federal jurisdiction set forth in the Complaint. It is purely and simply a State action for injunctive relief to stop alleged breach of contract brought by an employer against Unions, coupled with claims and prayers for equitable injunctive relief because of the inadequacy of damages at law. The Court emphasizes this because it is thus made clear beyond a shadow of a doubt that the Federal Court here has no jurisdiction of the action whatsoever.

On the other hand, the Petition for Removal by the Unions claims that the Court would have had original jurisdiction of this matter under 29 U.S.C. § 185 and it is, therefore, properly removable under the basic removal statute 28 U.S.C. § 1441(b). At first glance the Petition for Removal appears to be plausibly correct under the Labor Management Relations Act of 1947, § 301, 29 U.S.C. § 185, which is a general jurisdictional act giving the Federal Court jurisdiction in union-management disputes. However, when we take into account the Norris-LaGuardia Act prohibiting Federal Courts from granting injunctions in labor controversies, except in very limited and most unusual circumstances, 29 U.S.C. § 101 et seq., esp. § 104 and § 107, we are led to the ineluctable conclusion that we could not possibly have had original jurisdiction in this case.

As Moore correctly points out:

"The majority view, which we believe is sound, is that the federal district court must remand suits requesting injunctive relief that is beyond the federal court's original jurisdiction, even when the action couples a prayer for damages, and even when the federal court believes that the state court lacks jurisdiction." [1]

■ Here, not only is there no claim or prayer for damages, but we believe that the State Court does have jurisdiction under 29 U.S.C. § 187. It would seem clear from this section that the State Courts have concurrent jurisdiction with the Federal Courts in case the action were solely for damages, but have exclusive jurisdiction when the action is for injunctive relief not falling within the exceptions of the Norris-LaGuardia Act, 29 U.S.C. § 107 *supra.* As so succinctly stated in Direct Transit Lines v. Starr, 219 F.2d 699–700 (6th Cir. 1955):

"... we are of the opinion that the action is not one of which the federal district courts have original jurisdiction, that the district court therefore had no jurisdiction upon removal, and that the cause should accordingly have been remanded to the Superior Court ..."

See also: California Packing Corp. v. I.L.W.U. Local 142, 253 F.Supp. 597, 599 (D.Hawaii, 1966); California Ass'n v. Building and Const. Tr. Council, 178 F.2d 175, 177 (9th Cir. 1949).

Compare also, but in the converse, the holding in Douglas v. International Brotherhood of Elec.W.U., 136 F.Supp. 68, 71 (W.D.Mich.1955) that where the action is for damages and not for injunc-

1. 1A Moore's Federal Practice pp. 1004–1005, ¶ 0.167 [7]

More recently, in his 1972 Cumulative Supplement to Vol. 1A, at p. 38, Moore has incorrectly, in this Court's view, indicated that because of the recent Supreme Court decision in *Sinclair, Avco* and *Boys Market,* that the Federal Court will *not* remand even when the Complaint does not allege a Federal question. This is, of course, nonsense, as we point out in discussing these cases later.

tion, Federal jurisdiction will lie and support removal, though a claim for mere injunctive relief will not support removal and necessarily forces a remand to the State Court.

This same reasoning was upheld by the Supreme Court in Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 203, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962), and the Ninth Circuit in Boys Markets, Inc. v. Retail Clerk's Union, Local 770, 416 F. 2d 368, 369-370 (9th Cir. 1969). But when *Boys Market* reached the Supreme Court, it was reversed and the Supreme Court backtracked and overruled *Sinclair* which, taken together with its ruling in Avco. Corp. v. Aero Lodge, 390 U.S. 557, 560, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) had raised the dilemma that a party could not obtain injunctive relief in State Court or in Federal Court and would otherwise be without any injunctive remedy at all. By overruling its *Sinclair* decision, and the 9th Circuit's *Boys Market* opinion, the Supreme Court in Boys Markets v. Clerk's Union, 398 U.S. 235, 244-245, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970) resolved the dilemma by adopting the guidelines of the *Sinclair* dissent, 370 U.S. at 215, 82 S.Ct. 1328 (1962) and held that both the State courts and the Federal Courts have jurisdiction for injunctive relief in labor cases, depending on whether a Federal question is raised in the complaint. If not, the cause must be remanded to the State court. If so, it is properly removable and should stay in the Federal Court.

Here no Federal question is raised in the Complaint and the matter must be remanded to the State Court, particularly since "there has never been a serious contention that Congress intended that the removal mechanism be utilized to foreclose completely remedies otherwise available in the state courts." *Boys Markets*, 398 U.S. at 246, 90 S.Ct. at 1590, and the State Judge, The Honorable Campbell M. Lucas has already issued injunctive relief in the form of a temporary restraining order.

It might be argued, when this case is remanded back to the Superior Court, that since it involves a labor dispute and possible unfair labor practices, exclusive jurisdiction lies with the National Labor Relations Board under 29 U.S.C. § 151 et seq., esp. 160 et seq., rather than with either State or Federal Courts, but as pointed out in Direct Transit Lines v. Starr, 219 F.2d 699, 700 (6th Cir. 1955):

"It would appear that the proper remedy, if the cause is within the exclusive purview of the National Labor Relations Board, is not removal to the United States district court, but by appropriate action in the state court, as in Garner v. Teamsters, Chauffeurs and Helpers Local Union, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228. This view is in accord with two other district courts in this Circuit which have considered the question, as well as with district courts elsewhere." [citing cases].

By reason of the authorities and upon the allegations in the Complaint it is clear that there is no Federal basis for jurisdiction in this case, whether under the basic Federal question statute, 28 U.S.C. § 1331, or under diversity of citizenship, 28 U.S.C. § 1332, or under the grant of jurisdiction of an action arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and injunctions, 28 U.S.C. § 1337, or under the Labor Management Relations Act, 28 U.S.C. §§ 185 and 187, *supra*, or under any other Federal statute.

## ORDER

Now, therefore, it is hereby ordered that the aforesaid Complaint entitled "RALPHS GROCERY COMPANY, Division of Federated Department Stores, Inc., a corporation, Plaintiff vs. MEAT CUTTERS UNION LOCAL NO. 421, AMALGAMATED MEAT CUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA, AFL-CIO, an unincorporated association; DOE ONE

through DOE FIFTY, inclusive, Defendants.", No. C-58455 in the Superior Court of the State of California for the County of Los Angeles be, and the same hereby is remanded to the said Superior Court of the State of California for the County of Los Angeles forthwith, pursuant to 28 U.S.C. § 1447(c) and other applicable statutes of the United States, and the Petitioners/Defendants are hereby ordered to pay all just costs by the Respondent/Plaintiff necessarily incurred by reason of the Petition for Removal and other proceedings herein.[2]

---

2. Moreover, with due respect for comity and in the light of the Federal doctrine of absention as so succinctly stated by the Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) and the companion cases decided by the Supreme Court on the same date of February 23, 1971, we feel that we have no alternative but to abstain from interference with State court proceedings which have

gone as far as this case had, that is to a temporary restraining order by The Honorable Campbell M. Lucas, particularly when the complaint alleges absolutely no federal question as a basis for jurisdiction. Let the parties proceed through the State courts and then if for constitutional or other reasons they are not satisfied, they can apply for a Writ of Certiorari to the Supreme Court.