PROGRESSIVE STEELWORKERS UNION, a Labor Union, Plaintiff,

v.

INTERNATIONAL HARVESTER CORPORATION et al., Defendants.

No. 75 C 2150.

United States District Court, N. D. Illinois, E. D.

March 25, 1976.

Edward R. Vrdolyak, Ltd., Chicago, Ill., for plaintiff.

Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

This action for breach of a collective bargaining agreement was originally brought in the Circuit Court of Cook County, Illinois, which issued a temporary restraining order on plaintiff's *ex parte* request. Defendants removed the action to this court under 28 U.S.C. § 1441 (1970), moved to dismiss the complaint and moved to vacate the state court's order. The motion to vacate the temporary restraining order was granted because plaintiff had not demonstrated that it was entitled to injunctive relief under applicable federal law, 29 U.S.C. § 107 (1970).

Plaintiff then filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1). Defendants oppose this dismissal arguing first, that it would be inappropriate after arguments on the motion to vacate the temporary restraining order, and second, that defendants' motion to dismiss should be considered a motion for summary judgment which would bar voluntary dismissal as a matter of right. Defendants also request an award of attorney's fees and damages for the improvident issuance of the temporary restraining order as provided by Ill. Rev.Stat. ch. 69, § 12 (1973).

An action may be dismissed voluntarily if the plaintiff files a notice of dismissal at any time before service by an adverse party of an answer or a motion for summary judgment, whichever first occurs. Fed.R. Civ.P. 41(a)(1). As yet, defendants have filed neither an answer nor a summary judgment motion. They have filed a motion to dismiss, to which a copy of an unfair labor practice charge is appended. The record indicates that all parties at the hearing considered this motion to be pursuant to Rule 12(b), Fed.R.Civ.P. Defendants now suggest that the motion should be treated as one for summary judgment because the court failed to exclude the copy of the charge.

█ When matters outside the pleadings are presented and not excluded, a motion asserting that the complaint fails to state a claim upon which relief can be granted should be treated as a motion for summary judgment. Fed.R.Civ.P. 12(b). However, this rule of conversion applies only to motions under clause (6), not to motions under clauses (1) through (5). 2A J. Moore's *Federal Practice* ¶ 12.09, p. 2297 (2d ed.). Defendants presented the charge in support of Part II of their motion which alleged that the filing of an unfair labor practice charge before the National Labor Relations Board preempted this court's jurisdiction. The possibility of preemption by the N.L.R.B. presents a question of whether a court has jurisdiction over the subject matter of the controversy. *Amalgamated Association of Street, Electric, Railway, and Motor Coach Employees of America v. Lockridge*, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Stout v. Construction & General Laborers District Council of Chicago*, 226 F.Supp. 673 (N.D.Ill.1963). Insofar as Part II of defendants' motion alleged that this court's jurisdiction was preempted, it was a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter. That motion could not be affected by the admission of matters outside the pleadings and would remain a motion to dismiss. *Rosemound Sand & Gravel Co. v. Lambert Sand & Gravel Co.*, 469 F.2d 416 (5th Cir. 1972). As a motion to dismiss, it cannot bar plaintiff's right to voluntary dismissal. *Sheldon v. Amperex Electronic Corp.*, 52

F.R.D. 1 (E.D.N.Y.1971), *aff'd*, 449 F.2d 146 (2d Cir. 1971).

■■■ Defendants argue in the alternative that dismissal should be denied because a hearing was held before the state court's temporary restraining order was vacated. Voluntary dismissal will be denied if the merits of a case have been considered or if issue has been joined. *Butler v. Denton*, 150 F.2d 687 (10th Cir. 1945), *Harvey Aluminum v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). The plaintiff in *Harvey Aluminum* moved for a preliminary injunction before the defendant had an opportunity to answer the complaint. Oral argument on the motion lasted for three days and produced a transcript of four hundred and twenty pages. The court refused to dismiss because "the merits of the controversy were squarely raised" and in denying the injunction it had concluded that "the plaintiff's chance of success on the merits was small." 203 F.2d 107, 108.

In the present action, the hearing on the motion to vacate did not reach the merits of the case. After a brief discussion in chambers, the order was vacated because this court lacked jurisdiction under the Norris-LaGuardia Act to issue an injunction. Since issue was not joined and the merits were not reached, the rule of *Harvey Aluminum* did not bar dismissal.

■■■ Defendants also request an award of attorneys' fees and damages under the Illinois Injunction Statute, Ill.Rev.Stat. ch. 69, § 12 (1973), which provides for such awards when an injunction is dissolved by an Illinois court. This statute cannot be applied in the federal courts. In *Official Aviation Guide Co. v. American Aviation Associates*, 162 F.2d 541 (7th Cir. 1947), the court held that this provision was a remedial statute which governed procedure in the courts of Illinois and which could have no force or effect in federal courts. The applicable federal law provides that in the absence of a bond, no damages may be recovered for the issuance of an interlocutory injunction, even though the injunction may have been granted without just cause. 7 J.

Moore, *Federal Practice* ¶ 65–98; *Benz v. Compania Naviera Hidalgo, S.A.*, 205 F.2d 944 (9th Cir. 1953). Defendants' request for an award of attorneys' fees and damages must be denied.

The action is dismissed pursuant to Rule 41(a)(1)(i), Fed.R.Civ.P.