**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, AFL–CIO, Petitioner,**

v.

**Honorable Frank H. SEAY, District Judge of United States District Court for the Eastern District of Oklahoma; Acme Engineering & Manufacturing Corp.; Sheet Metal Workers Local No. 275, its Officers Agents, Representatives, Employees, and Members; John H. Barton, individually and as Business Manager of Sheet Metal Workers Local No. 275, Respondents.**

No. 82–2318.

United States Court of Appeals, Tenth Circuit.

Nov. 24, 1982.

Rehearing Denied Jan. 5, 1983.

Donald W. Fisher, Toledo, Ohio, and Thomas F. Birmingham, Tulsa, Okl., for petitioner.

Lynn Paul Mattson and Richard L. Barnes, Tulsa, Okl. (Nichols & Wolfe, Inc., Tulsa, Okl., were also on the brief), for respondent and plaintiff below, Acme Engineering & Mfg. Corp.

Thomas F. Birmingham, Tulsa, Okl. (Ungerman, Conner & Little, Tulsa, Okl., also joined in the response), for respondents and defendants below, Sheet Metal Workers Local No. 275, its officers, agents, representatives, employees and members, and John H. Barton, individually and as Business Manager of Sheet Metal Workers Local No. 275.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

This original proceeding for a writ of mandamus pursuant to 28 U.S.C. § 1651 (1970) and Rule 21, FRAP, challenges an order remanding a case to the State court after its removal by petitioner and the other defendants. We are persuaded that the remand order was improperly grounded on considerations not within the bounds of the removal statute, and under standards laid down by the Supreme Court in *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542, we conclude that we must grant the writ.

I

Respondent Acme Engineering & Manufacturing Corporation (Acme) brought this action in the State District Court for the 15th Judicial District of Oklahoma, which includes Muskogee County, seeking damages and injunctive relief for an alleged breach of a collective bargaining agreement governing labor-management relations between Acme and the defendant local of the Sheet Metal Workers. Defendants timely filed a petition for removal to the United States District Court for the Eastern District of Oklahoma. The removal petition asserted that because the cause of action involved the collective bargaining agreement, the federal district court had original jurisdiction under § 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 (1970).

After the removal, Acme filed a motion to remand. In its brief supporting the motion, Acme stated that there was concurrent state and federal court jurisdiction. Nevertheless, Acme contended that the cause should be remanded so that it could have the advantage of "a forum that has full power and authority to grant the kind of relief sought by the pleadings." Acme's concern is that the federal court lacks power to grant injunctive relief against all defendants because of the anti-injunction provisions of the Norris-LaGuardia Act, 29 U.S.C. §§ 101–114 (1970).

The federal district court granted Acme's motion and remanded the case to the State court. The district judge did not question federal jurisdiction of the matter, nor did he rely on any procedural defects in the

removal.[1] Instead, he noted the limitations on the relief available to Acme in federal court and concluded that "the most equitable forum ... would be the state district court ...."[2]

## II

Acme vigorously argues that this court is without jurisdiction of this mandamus proceeding because of the bar of 28 U.S.C. § 1447(d) (1970) providing, in pertinent part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."

Notwithstanding the breadth of the bar on review of remand orders, the Supreme Court has held that remand orders may be reviewed where a case was properly removed and a remand order is issued on grounds not authorized by 28 U.S.C. § 1447(c) (1970), governing remands. *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542. The restrictions on review in § 1447(d) were read in conjunction with § 1447(c) which provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case ...."

In *Thermtron* the district judge had remanded the case to state court because of his overloaded docket. The judge weighed the defendants' right to remove to federal court against the plaintiffs' right to the forum of their choice and their right to a

prompt disposition of the matter. He remanded, citing his crowded docket, the priority which other cases had, and the fact that "plaintiffs' right of redress is being severely impaired" which "would not be the case if the cause had not been removed from the state courts." 423 U.S. at 340–41, 96 S.Ct. at 588. The Sixth Circuit concluded that § 1447(d) left it without jurisdiction to consider the remand order on an alternative petition for mandamus or prohibition.

After granting certiorari, the Supreme Court held that the bar of § 1447(d) does not apply when the remand order is issued on grounds not authorized by § 1447(c). Construing subsections (c) and (d) of § 1447 in *pari materia* the Court concluded that "only remand orders issued under § 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under § 1447(d)." 423 U.S. at 346, 96 S.Ct. at 590. The Court further decided that remand orders not based on the statutory grounds are improper and that mandamus is the appropriate remedy to insure that the defendant's right to a federal forum is protected. *Id.* at 351–53, 96 S.Ct. at 593–94.

## III

Acme attempts to distinguish *Thermtron,* relying on isolated statements in the opinion. The gist of Acme's argument to avoid *Thermtron* seems to be this: the word "improvidently" is neither defined nor is its meaning obvious; the removal of this case

---

1. *See* discussion in Part III, *infra,* regarding the propriety of remanding for defects in the removal procedure.

2. The full text of the court's remand order is as follows:

 This action is one arising under a collective bargaining contract between the parties. It was brought as a contract action and in equity for injunctive relief in state court. It was not brought under provisions of federal law. Both state and federal court may have jurisdiction, *Arnold Co. v. Carpenters District Council,* 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974).

 However, plaintiff seeks injunctive remedies which it may be foreclosed from pursu-

ing in federal court, whereas a state court is not so limited, *Arnold Co. v. Carpenters District Council, supra.*

 Thus, this court finds that the most equitable forum for the parties, and one which would not prejudice the defendant in any defense or the plaintiff in any remedy sought, would be the state district court where the action was originally filed, *Sinclair Refining Co. v. Atkinson,* 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962); *New York Ship Asso. v. International Longshoremen's Asso.,* 276 F.Supp. 51 (S.D.N.Y.1967).

 Plaintiff's motion to remand is granted, and this case is remanded back to the State District Court of Muskogee County, Oklahoma.

has substantially affected Acme's ability to gain the relief sought; it is inequitable that Acme's right should be restricted by being in federal court when the State court could grant full relief; therefore, the term "improvidently" removed should be interpreted to encompass this case and others in which removal substantially limits the available remedies. Acme contends that the federal courts "have consistently remanded" cases like this one in which removal restricts the remedies available to the plaintiffs, citing *Sinclair Refining Co. v. Atkinson,* 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440; *American Dredging Co. v. Local 25,* 338 F.2d 837 (3d Cir.); and *Ford v. Boger,* 362 F.2d 999 (8th Cir.).

Each of these cases preceded *Thermtron. Sinclair,* overruled in *Boys Markets, Inc. v. Retail Clerks Union, Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), is completely inapposite. *Sinclair* was not a removal case. The Court in *Sinclair* merely ruled that § 301 of the LMRA did not modify the anti-injunction provision of Norris-LaGuardia.[3] *American Dredging* was, as defendants have pointed out, expressly disapproved in *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126. *Ford* was a habeas corpus proceeding seeking relief from state convictions for criminal contempt. The petitioners in *Ford* contended that the state court was without jurisdiction to enjoin their activities because petitioners were members of a labor organization and the federal courts had exclusive jurisdiction over the controversy. The Eighth Circuit held that, even if there were a labor dispute involved, federal jurisdiction was not exclusive and state courts could give injunctive relief in proper circumstances. Thus *Ford* merely underscores

the deprivation of remedy that Acme faces; it does nothing to resolve the issues we face on this petition.

Even though Acme admits jurisdiction of the case as removed in some respects, it argues that the federal district court was without jurisdiction to entertain the claim for injunctive relief and therefore was compelled to remand. Again Acme relies on cases that are no longer authoritative. The argument that the district courts are without jurisdiction to hear labor cases in which injunctive relief is sought, based on the use of the term "jurisdiction" in the Norris-LaGuardia Act,[4] was put to rest by the Supreme Court in *Avco.*

*Avco* is quite similar to the instant case and authoritatively decides this issue. In *Avco* the plaintiff had filed suit in state court and obtained an *ex parte* injunction. As in this case, the controversy concerned an alleged violation of the "no-strike" clause of a collective bargaining agreement. The defendant removed to the federal district court, which dissolved the injunction. The district court then denied a motion for remand, holding that it had jurisdiction, and the Sixth Circuit affirmed. Certiorari was granted to resolve the conflict of these holdings with *American Dredging.* In unanimously affirming the Sixth Circuit, the Supreme Court held that federal jurisdiction was properly founded on § 301 of the LMRA, that the case was accordingly controlled by federal substantive law, and that removal was "but one aspect of 'the primacy of the federal judiciary in deciding questions of federal laws.' *See England v. Medical Examiners,* 375 U.S. 411, 415–416 [84 S.Ct. 461, 465, 11 L.Ed.2d 440]." 390 U.S. at 560, 88 S.Ct. at 1237. Addressing specifically the jurisdictional argument based on Norris-LaGuardia, the Court said:

---

**3.** Insofar as Acme's reliance on *Sinclair* is based on the penultimate sentence in that opinion which approved dismissal of one count seeking injunctive relief for lack of jurisdiction under Norris-LaGuardia, that reliance is also misplaced. *See* discussion of *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126, *infra,* where the Supreme Court specifically rejected this theory.

**4.** Section 4 of the Norris-LaGuardia Act, 29 U.S.C. § 104 (1970), provides in part: "No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons ... from doing ... any of the following acts ...." The statute goes on to enumerate the activities protected from injunction which include "[c]easing or refusing to perform any work."

The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy. The relief in § 301 cases varies—from specific performance of the promise to arbitrate (*Textile Workers v. Lincoln Mills,* [353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972] *supra*), to enforcement or annulment of an arbitration award (*United Steel Workers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593 [80 S.Ct. 1358, 4 L.Ed.2d 1424]), to an award of compensatory damages (*Atkinson v. Sinclair Refining Co.,* 370 U.S. 238 [82 S.Ct. 1318, 8 L.Ed.2d 1581]), and the like. *See Smith v. Evening News Assn.,* 371 U.S. 195, 199–200 [83 S.Ct. 267, 269–70, 9 L.Ed.2d 246]. But the breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter. Any error in granting or designing relief "does not go to the jurisdiction of the court." *Swift & Co. v. United States,* 276 U.S. 311, 331 [48 S.Ct. 311, 316, 72 L.Ed. 587]. *Cf. Zwickler v. Koota,* 389 U.S. 241, 254–255 [88 S.Ct. 391, 398–99, 19 L.Ed.2d 444]. When the Court in *Sinclair Refining Co. v. Atkinson, supra,* [370 U.S.] at 215, [82 S.Ct. at 1339] said that dismissal of a count in the complaint asking for an injunction was correct "for lack of jurisdiction under the Norris-LaGuardia Act," it meant only that the Federal District Court lacked the general equity power to grant the particular relief.
390 U.S. at 561, 88 S.Ct. at 1237–38 (footnote omitted).

*Avco* thus is express authority that removal of cases such as the instant case is proper. In *Boys Markets* the Court was squarely faced with the implications of *Sinclair* and *Avco.* The Court recognized the disparity in remedies available in state and federal courts, and, in furtherance of the national policy of uniformity in labor relations, overruled *Sinclair* and declared that federal courts could enjoin strikes that were being conducted in violation of "no-strike" agreements and agreements to submit disputes to arbitration.[5] Thus the Supreme Court has acknowledged the existence of the exact problem facing Acme here, and its overruling of a prior case to ameliorate this situation recognizes, at least by implication, that no other judicial solution is permissible. The simple truth is that the interplay of the removal statutes and the labor statutes have created this rather paradoxical pattern and that it is left to Congress to alter it.[6]

Nor is Acme's argument that the instant remand was proper because the case was "improvidently removed" supported by cases it relies on. Acme cites *Manas y Pineiro v. Chase Manhattan Bank,* 443 F.Supp. 418 (S.D.N.Y.); *London v. United States Fire Insur. Co.,* 531 F.2d 257 (5th Cir.); and *Robertson v. Ball,* 534 F.2d 63 (5th Cir.).

*Manas y Pineiro* is not helpful as it was concerned with removal under 12 U.S.C. § 632, dealing with international banking, and turned on construction of particular language in § 632. By the holding in *London* and by dictum in *Robertson,* the Fifth

---

**5.** Six years after *Boys Markets* the Court refused to expand that holding, deciding that a federal court could not enjoin a sympathy strike because the underlying dispute, not being between the parties to the collective bargaining agreement, was not arbitrable. *Buffalo Forge Co. v. United Steelworkers,* 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022. *See also Jacksonville Bulk Terminals, Inc. v. International Longshoremen's Ass'n,* —— U.S. ——, 102 S.Ct. 2673, 73 L.Ed.2d 327 (1982) (union's refusal to handle cargo bound to or coming from Soviet Union, based on union's condemnation of Soviet Union's occupation of Afghanistan, not an

arbitrable dispute, therefore federal district court could not enjoin work stoppage).

**6.** We do not rely on any assumption that, under the *Boys Markets* narrow exception to Norris-LaGuardia, a federal injunction can issue in the instant case. Acme argues that other parties than the union are involved and that the dispute is not arbitrable. Our record does not afford a basis for deciding that point or whether an injunction might be available in the federal forum. We decide only that under *Avco* and other cases cited, the limitation on federal remedies is not a ground for remand under the authority to remand granted by § 1447(c).

Circuit has said that the conjunctive language of § 1447(c), "improvidently *and* without jurisdiction" (emphasis added), is not to be read as it appears; instead that court's position is that the phrase is to be read in the disjunctive so that a case may be properly remanded as removed improvidently, even if federal jurisdiction is present. *See Robertson,* 534 F.2d 63, 65 n. 2. This Fifth Circuit view does not carry the day for Acme, however, because that court has since made it clear that the term "improvidently" has a specific, narrow meaning. A case is not "improvidently" removed, it has said, if all procedural requirements, such as timely filing of removal petition,[7] have been met. *In re Merrimack Mutual Fire Insur. Co.,* 587 F.2d 642, 645 n. 3 (5th Cir.). In *London* the district court remanded the case as untimely removed and the court of appeals dismissed an appeal from the remand order for want of jurisdiction.[8] In *Robertson* the district court had cited lack of jurisdiction as a basis for remanding, and as to that portion of the remand order the appeal was dismissed. In *Merrimack,* the remand order was held not reviewable when the Fifth Circuit could not be certain whether the order rested on § 1447(c) grounds or not.

The instant case is unlike *Gravitt v. Southwestern Bell Tel. Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1, relied on by Acme.

There the Supreme Court held a remand order unreviewable where the district court "had employed erroneous principles in concluding that it was without jurisdiction." *Id.* at 723, 97 S.Ct. at 1440. Here, the remand order instead was clearly not grounded on lack of jurisdiction, but on plaintiff's seeking injunctive remedies which it may be foreclosed from pursuing in federal court but not in State court, and on a finding that the most equitable forum and one not prejudicial to the defendants as to any defense, or to plaintiff as to any remedy sought, would be the State court. See note 2, *supra.*

Without considering whether a disjunctive construction of § 1447(c) is warranted, we cannot agree that the reason assigned for the remand order here—the restriction on the federal remedy—is a ground authorized for remand by the statute. It does not concern jurisdiction or any legal defect in the removal and instead is similar to the ground for remand rejected in *Thermtron* —the unavailability of trial time by which "plaintiffs' right of redress is being severely impaired ...." 423 U.S. at 340–41, 96 S.Ct. at 588.

Thus Acme's arguments and authorities are not persuasive. We must agree with the petitioner that the removal order here, as in *Thermtron,* was issued on grounds not

---

**7.** In *Thermtron, supra,* 423 U.S. at 343–44, 96 S.Ct. at 589, the Supreme Court appears to have taken a similar view of the statutory term "improvidently" by stating that there was no challenge to the "propriety of the removal nor the jurisdiction of the court ..." and by noting that there was no express statutory provision forbidding the removal and that the cause was "timely removed." *Id.* at 344 n. 8, 96 S.Ct. at 589 n. 8. We note also that in *Thermtron, supra,* at 350–51 n. 15, 96 S.Ct. at 592–93 n. 15, the Court alluded to the change of the term "improperly" to "improvidently" in the 1948 revision of the Judicial Code and to the Court's earlier statement that no changes in law or policy were to be presumed by such changes in wording unless they were clearly expressed.

After reviewing the legislative history of § 1447(c), it has been concluded that "[t]he district courts, therefore, should interpret 'improvidently' to mean legally defective." Note, *Remand Order Review After Thermtron Products,* 1977 Uni.Ill.Law Forum 1086, 1093. *See also Haelan Laboratories, Inc. v. Topps Chew-*

*ing Gum, Inc.,* 131 F.Supp. 262, 263 (E.D.N.Y.) ("improvidently" defined as "wrongfully or without legal basis").

**8.** Remand for failure to comply with the time limits for filing the removal petition has been approved in a number of other cases. *See, e.g., Wilkins v. Rogers,* 581 F.2d 399 (4th Cir.); *Typh, Inc. v. Typhoon Fence, Inc.,* 461 F.Supp. 994 (E.D.Pa.).

Other non-jurisdictional grounds for remand include failure of all defendants to join in the removal petition, *Cornwall v. Robinson,* 654 F.2d 685 (10th Cir.), and presence of a defendant on a removal petition who is a citizen of the forum state, *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; *Midland Mfg. Co. v. Winner,* 532 F.2d 1342 (10th Cir.). These clearly are but additional examples of the courts interpreting "improvidently" to mean improperly in the sense of procedurally defective.

authorized by § 1447(c). The clear holdings in *Thermtron, Avco* and *Boys Markets* combine to require the granting of mandamus relief here against the unauthorized remand.

Accordingly, the petition for mandamus is granted and the district court is directed to vacate the order of remand and to entertain the cause.