**DILLON COMPANIES, INC., Plaintiff,**

v.

**TEAMSTERS UNION LOCAL NO. 795, AFFILIATED WITH the INTERNATIONAL BROTHERHOOD OF TEAMSTERS WAREHOUSEMAN AND HELPERS OF AMERICA, et al., Defendants.**

No. 98–1072–JTM.

United States District Court,
D. Kansas.

April 2, 1998.

William G. Haynes, Frieden, Haynes & Forbes, Topeka, KS, James R. Gilliland, Gilliland & Hayes, P.A., Hutchinson, KS, for Plaintiff.

James B. Zongker, Hammond, Zongker & Farris, L.L.C., Wichita, KS, for Defendants.

### MEMORANDUM ORDER

MARTEN, District Judge.

Plaintiff Dillon Companies, Inc. brought the present action to enjoin defendant union from engaging in actions which had the effect of encouraging customers to boycott its grocery stores. The action was first brought in the District Court of Reno County, Kansas, which granted Dillon a temporary restraining order on February 20, 1998. On February 27, 1998, the union removed the matter to this court. In their brief in support of the motion to remand, Dillon explicitly states: "The sole question involved in this case is whether the Defendants have violated the provisions of a collective bargaining agreement between Plaintiff and Defendants." (Plf. Br. at 4).

The Supreme Court addressed the ability of federal courts to grant injunctive relief in labor disputes arising out of collective bargaining agreements in *Sinclair Ref'ng. Co. v. Atkinson,* 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962). In that case the Court held that the Norris–LaGuardia Act, 29 U.S.C. § 104 prohibited a federal court from enjoining a strike in violation of a no-strike obligation under a collective bargaining agreement, even if the agreement would otherwise be enforceable under Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).

Several years later, the Court held that § 301(a) actions can be removed from state courts pursuant to 28 U.S.C. § 1441. *Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The *Avco* Court recognized that federal courts did not have the power to grant injunctive relief, but stated:

> The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is juris-

diction to adjudicate the controversy. The relief in § 301 cases varies-from specific performance of the promise to arbitrate, to enforcement or annulment of an arbitration award, to an award of compensatory damages, and the like. But the breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter.

390 U.S. at 561, 88 S.Ct. 1235 (citations omitted).

The competing goals of the Norris–LaGuardia Act and the Taft–Hartley Act have been balanced in *Boys Markets, Inc. v. Retail Clerks Union,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). In *Boys Markets* the Supreme Court overruled *Sinclair* and held that where a union has agreed to arbitrate disputes instead of striking, federal courts can enjoin the union from striking pending arbitration of the dispute underlying the strike. Such an injunction, the Court found, is proper as it is issued in furtherance of arbitration. In reaching this conclusion, the Court observed that "there has never been a serious contention that Congress intended that the removal mechanism be utilized to foreclose completely remedies otherwise available in the state courts." *Id.,* at 246, 90 S.Ct. 1583.

In its decision, the Court in *Boys Markets* defined a specific, narrow instance in which federal courts were empowered to enjoin strikes by Unions. The Court stated:

> Our holding in the present case is a narrow one. We do not undermine the vitality of the Norris–LaGuardia Act. We deal only with the situation in which a collective-bargaining contract contains a mandatory grievance adjustment or arbitration procedure. Nor does it follow from what we have said that injunctive relief is appropriate as a matter of course in every case of a strike over an arbitrable grievance. The dissenting opinion in *Sinclair* suggested the following principles for the guidance of the district courts in determining whether to grant injunctive relief—principles that we now adopt:

> 'A District Court entertaining an action under Section 301 may not grant injunctive relief against concerted activity unless and until it decides that the case is one in which an injunction would be appropriate despite the Norris–LaGuardia Act. When a strike is sought to be enjoined because it is over a grievance which both parties are contractually bound to arbitrate, the District Court may issue no injunctive order until it first holds that the contract *does* have that effect; and the employer should be ordered to arbitrate, as a condition of his obtaining an injunction against the strike. Beyond this, the District Court must, of course, consider whether issuance of an injunction would be warranted under ordinary principles of equity— whether breaches are occurring and will continue, or have been threatened and will be committed; whether they have caused or will cause irreparable injury to the employer; and whether the employer will suffer more from the denial of an injunction than will the union from its issuance.'

> 370 U.S. at 228, 82 S.Ct. at 1346. (Emphasis in original.)

398 U.S. at 253–54, 90 S.Ct. 1583.

In 1976 the Supreme Court narrowed the *Boys Markets* exception in *Buffalo Forge Co. v. United Steelworkers,* 428 U.S. 397, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976). In *Buffalo Forge,* the court ruled that when the arbitrable issue is the permissibility of the strike itself, rather than some underlying issue, then an injunction should not issue. In such a case the strike does not constitute an evasion of an agreement to arbitrate disputes.

"Under *Boys Markets,* an injunction may not issue merely because it is the only practical means of enforcing a collective bargaining agreement—an injunction is proper only to enforce an agreement to submit labor disputes to binding arbitration." *American Tel. & Tel. Co. v. Communication Workers of America,* 985 F.2d 855, 860 (6th Cir.1993). Thus, under *Boys Markets* and *Buffalo Forge,* the Norris–LaGuardia Act does not prohibit a federal court from enjoining a strike arising out of a labor dispute, but

this power may be exercised only where (1) the union's work action is in breach of the collective bargaining agreement; (2) the parties are contractually bound to arbitrate the grievance; and (3) the injunction is otherwise warranted under principles of equity jurisprudence. A federal court does not have the power to enjoin actions beyond that recognized in *Boys Markets*. *International Union of Op'ng Eng'rs, Local 675 v. Trumbull Corp.*, 93 LRRM (BNA) 2337, 1976 WL 1544 (S.D.Fla. Aug.19, 1976). For labor disputes which have been found to meet the *Boys Markets* criteria, *see* 611 A.L.R.Fed. 11 (1984) (collecting cases).

The Supreme Court in *Avco* explicitly refrained from deciding whether the federal court, once the action was removed, was required to dissolve the previously granted state injunction. *Avco*, 390 U.S. at 561 n. 4, 88 S.Ct. 1235. *See also Boys Markets*, 398 U.S. at 244, 90 S.Ct. 1583 (noting open question). Subsequent decisions by other courts have concluded prior state injunctive relief must be dissolved. *See General Electric Co. v. Local Union 191*, 413 F.2d 964 (5th Cir. 1969), *vacated on other gds.*, 398 U.S. 436, 90 S.Ct. 1883, 26 L.Ed.2d 384 (1970) (court required to dissolve injunction); *Progressive Steelworkers Union v. International Harvester*, 70 F.R.D. 691, 693 (N.D.Ill.1976) (because federal court lacked jurisdiction to grant injunction under Norris–LaGuardia, prior state temporary restraining order was vacated).

■ In the present action, Dillon concedes no injunctive relief can be awarded by this court since the case does not fall within the narrow exception created by *Boys Markets*. Although the collective bargaining agreement includes a provision for arbitration of interpretation and application of the agreement, it does not grant Dillon the ability to grieve or arbitrate the alleged boycott of the defendants. The issue before the court, therefore, is whether the absence of a federal remedy supports or justifies remand of the action.

There is limited authority for the relief sought by Dillon. In *Ralphs Grocery Co. v. Meat Cutters Union Local No. 421*, 360 F.Supp. 548 (C.D.Cal.1973), the court concluded the effect of the decision in *Boys Markets* was to establish

> that both the State courts and the Federal Courts have jurisdiction for injunctive relief in labor cases, depending on whether a Federal question is raised in the complaint. If not, the cause must be remanded to the State court. If is, it is properly removable and should stay in the Federal Court.

360 F.Supp. at 551. After quoting the Supreme Court's observation in *Boys Markets* that Congress would not have intended to "foreclose completely remedies otherwise available in the state courts," 398 U.S. at 246, 90 S.Ct. 1583, the court concluded that it had "no alternative but to abstain," and remanded the action to state court. 360 F.Supp. at 551 n. 2.

In contrast, there is authority from the Tenth Circuit directly suggesting the absence of injunctive relief may not be used as a grounds for remand. *See Sheet Metal Workers Internat'l Ass'n v. Seay*, 693 F.2d 1000 (10th Cir.1982), *aff'd on petition for reh'ng*, 696 F.2d 780 (10th Cir.1983) In that case, the employer initially sought both damages and injunctive relief in Oklahoma state court. The union removed the action to federal court, but the case was remanded to the state court. In reaching this conclusion the federal district court observed that the employer was seeking "injunctive remedies which it may be foreclosed from pursuing in federal court, whereas a state is not so limited," and that, accordingly, the state court was "the most equitable forum" to resolve the action. 693 F.2d at 1002 (quoting district court). The Tenth Circuit upheld the union's request for writ of mandumus challenging the remand, and in so doing squarely followed the principles established in *Avco*:

> Even though Acme admits jurisdiction of the case as removed in some respects, it argues that the federal district court was without jurisdiction to entertain the claim for injunctive relief and therefore was compelled to remand. Again Acme relies on cases that are no longer authoritative. The argument that the district courts are without jurisdiction to hear labor cases in which injunctive relief is sought, based on the use of the term "jurisdiction" in the

Norris–LaGuardia Act, was put to rest by the Supreme Court in *Avco*.

*Avco* is quite similar to the instant case and authoritatively decides this issue. In *Avco* the plaintiff had filed suit in state court and obtained an ex parte injunction. As in this case, the controversy concerned an alleged violation of the "no-strike" clause of a collective bargaining agreement. The defendant removed to the federal district court, which dissolved the injunction. The district court then denied a motion for remand, holding that it had jurisdiction, and the Sixth Circuit affirmed. Certiorari was granted to resolve the conflict of these holdings with American Dredging. In unanimously affirming the Sixth Circuit, the Supreme Court held that federal jurisdiction was properly founded on § 301 of the LMRA, that the case was accordingly controlled by federal substantive law, and that removal was "but one aspect of 'the primacy of the federal judiciary in deciding questions of federal laws.' *See England v. [Louisiana State Bd. of] Medical Examiners*, 375 U.S. 411, 415–416 [84 S.Ct. 461, 465, 11 L.Ed.2d 440] [(1964)]." 390 U.S. at 560, 88 S.Ct. at 1237. Addressing specifically the jurisdictional argument based on Norris–LaGuardia, the Court said:

> The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy. The relief in § 301 cases varies— from specific performance of the promise to arbitrate (*Textile Workers v. Lincoln Mills*, [353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972] *supra* ), to enforcement or annulment of an arbitration award (*United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 [80 S.Ct. 1358, 4 L.Ed.2d 1424] ), to an award of compensatory damages (*Atkinson v. Sinclair Refining Co.*, 370 U.S. 238 [82 S.Ct. 1318, 8 L.Ed.2d 462] ), and the like. *See Smith v. Evening News Assn.*, 371 U.S. 195, 199–200 [83 S.Ct. 267, 269–70, 9 L.Ed.2d 246]. But the breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from

whether the court has jurisdiction over the parties and the subject matter. Any error in granting or designing relief "does not go to the jurisdiction of the court." *Swift & Co. v. United States*, 276 U.S. 311, 331 [48 S.Ct. 311, 316, 72 L.Ed. 587]. Cf. *Zwickler v. Koota*, 389 U.S. 241, 254–255 [88 S.Ct. 391, 398–99, 19 L.Ed.2d 444]. When the Court in *Sinclair Refining Co. v. Atkinson*, [370 U.S.] at 215, [82 S.Ct. at 1339] said that dismissal of a count in the complaint asking for an injunction was correct "for lack of jurisdiction under the Norris–LaGuardia Act," it meant only that the Federal District Court lacked the general equity power to grant the particular relief.

390 U.S. at 561, 88 S.Ct. at 1237–38 (footnote omitted).

*Avco* thus is express authority that removal of cases such as the instant case is proper. In *Boys Markets* the Court was squarely faced with the implications of *Sinclair* and *Avco*. The Court recognized the disparity in remedies available in state and federal courts, and, in furtherance of the national policy of uniformity in labor relations, overruled *Sinclair* and declared that federal courts could enjoin strikes that were being conducted in violation of "no-strike" agreements and agreements to submit disputes to arbitration. Thus the Supreme Court has acknowledged the existence of the exact problem facing Acme here, and its overruling of a prior case to ameliorate this situation recognizes, at least by implication, that no other judicial solution is permissible. The simple truth is that the interplay of the removal statutes and the labor statutes have created this rather paradoxical pattern and that it is left to Congress to alter it.

693 F.2d at 1003–04 (footnotes omitted).

The court noted that its conclusion was not dependent on a finding that the federal court could issue injunctive relief under the *Boys Markets* exception:

> We do not rely on any assumption that, under the *Boys Markets* narrow exception to Norris–LaGuardia, a federal injunction

can issue in the instant case. Acme argues that other parties than the union are involved and that the dispute is not arbitrable. Our record does not afford a basis for deciding that point or whether an injunction might be available in the federal forum. We decide only that under *Avco* and other cases cited, *the limitation on federal remedies is not a ground for remand under the authority to remand granted by § 1447(c).*

693 F.2d at 1004 n. 6 (emphasis added).

Here, Dillon has moved the court to remand the action to state court pursuant to 28 U.S.C. § 1447(c) on the grounds that the court is without jurisdiction. Dillon contends that jurisdiction is lacking because this court does not have the power to grant injunctive relief, and asserts that the 1968 decision in *Avco* was "overruled by implication" two years after its adoption by the decision in *Boys Markets*. The Tenth Circuit's explicit dependence on *Avco* in its *Sheet Metal Workers* decisions renders this argument untenable.

The Tenth Circuit most recently discussed the Supreme Court's decision in *Avco* in its discussion of the principle of complete preemption in *Schmeling v. NORDAM* 97 F.3d 1336 (10th Cir.1996). The *Schmeling* court concluded complete preemption exists only if federal law provides a replacement cause of action. However, the court cautioned that this rule did not require identical federal remedies:

> We do not hold that a federal cause of action must provide the same remedies as offered by the preempted state cause of action. *Avco* held that the chance that the "nature of the relief" available under federal law might be different from that under state law does not affect the jurisdictional analysis. 390 U.S. at 561, 88 S.Ct. at 1238. In *Caterpillar*, the Ninth Circuit had stated that "[a] state law cause of action has been 'completely preempted' when federal law both displaces *and* supplants the state law-that is, when federal law provides both a superseding remedy replacing the state law cause of action *and* preempts that state law cause of action." *Williams v. Caterpillar Tractor Co.,* 786

F.2d 928, 932 (9th Cir.1986). Rightly or wrongly, the Supreme Court read the "superseding remedy" language as contrary to *Avco's* holding that the nature of the relief available is irrelevant to the jurisdictional question. [*Caterpillar Inc. v. Williams,*] 482 U.S. [386,] 391 n. 4, 107 S.Ct. 2425, 96 L.Ed.2d 318 [ (1987).] *We therefore clarify that although a federal cause of action is a prerequisite to removal under the complete preemption doctrine, the federal cause of action need not provide the same remedy as the state cause of action.*

97 F.3d 1336 (emphasis added). The Supreme Court's decision in *Avco* played a central role in the Tenth Circuit's analysis in *Schmeling.* The suggestion by Dillon in the present case that *Avco* was effectively "overruled" shortly after it was rendered is without merit.

Dillon has raised an action based on the union's alleged violation of the collective bargaining agreement, and this court has jurisdiction to hear the action pursuant to the § 301. While the court may be unable to grant the relief requested by plaintiff, this is simply a reflection of the "rather paradoxical pattern" recognized by the Tenth Circuit in *Sheet Metal Workers.* Both *Sheet Metal Workers* and *Avco* remain controlling authority for the principle that remand is inappropriate.

Although the Supreme Court in *Avco* expressly left open the question of whether the federal court is required to dissolve prior injunctive relief, 390 U.S. at 561 n. 4, the result in that decision appears to compel that result here. And, as noted earlier, there is substantial authority for the principle that, upon accepting jurisdiction and refusing a request to remand, the federal court must dissolve injunctive relief granted by the state court. *See General Electric Co. v. Local Union 191,* 413 F.2d 964 (5th Cir.1969), *vacated on other gds.,* 398 U.S. 436, 90 S.Ct. 1883, 26 L.Ed.2d 384 (1970); *Progressive Steelworkers Union v. International Harvester,* 70 F.R.D. 691, 693 (N.D.Ill.1976); *Pullman, Inc. v. International Brotherhood of Boilermakers,* 354 F.Supp. 496 (E.D.Pa. 1972); *Peabody Coal Co. v. Barnes,* 308 F.Supp. 902 (E.D.Mo.1969).

The employer's request for remand will be denied. The injunctive relief granted by the state court will remain in effect since the union has yet to move for relief from the injunction. Should the union so move, Dillon shall have 10 days from the time thereof to file a responsive brief.

IT IS ACCORDINGLY ORDERED this 20 day of April, 1998, that plaintiff's Motion to Remand (Dkt. No. 6) is hereby denied.