**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MEGAN KYTE,

    Plaintiff - Appellant,

v.

MARJORIE KYTE; PNC BANK,

    Defendants - Appellees.

No. 22-1213
(D.C. No. 1:22-CV-00937-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.**
_____

    Plaintiff-Appellant Megan Kyte appeals from the district court's dismissal of her complaint for lack of subject matter jurisdiction.  See Kyte v. Kyte, No. 22-cv-00937, 2022 WL 3099231, at *2 (D. Colo. June 7, 2022).  Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss Ms. Kyte's appeal.

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**Background**

Ms. Kyte alleges that Marjorie Kyte and PNC Bank illegally opened a joint bank account with Ms. Kyte without her consent in violation of an Ohio law concerning minors, claiming jurisdiction under 12 U.S.C. § 632.  R. 26–28.  Upon a magistrate judge's recommendation, the district court found that Ms. Kyte made "no allegations . . . which support [federal question] jurisdiction under 12 U.S.C. § 632," R. 34, and dismissed the complaint without prejudice, R. 35–36.  Ms. Kyte failed to object to the dismissal and instead appealed.  See R. 38.  Upon an order to show cause from this court, Ms. Kyte stated that she failed to object to the magistrate judge's recommendation "due to the vague and ambiguous response to the federal question presented to the Court."  Resp. to Show Cause Order, at 1 (July 25, 2022).

**Discussion**

A litigant generally waives her right to appellate review where she fails to object to a magistrate judge's recommendation.  Sinclair Wyo. Refin. Co. v. A&B Builders, Ltd., 989 F.3d 747, 783 (10th Cir. 2021).  This applies to pro se litigants except "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review."  Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005).  Under the "interests of justice" exception, this court may consider, among other factors, "a pro se litigant's effort to comply, the force and plausibility of

2

the explanation for [her] failure to comply, and the importance of the issues raised." Id. at 1120.

The magistrate judge filed his recommendation in this case on June 7, 2022, and notified Ms. Kyte that she had 14 days to object. See Kyte, 2022 WL 3099231, at *1 n.1. Ms. Kyte never made any attempt to object. See R. 35. Her response to this court's show cause order is cursory. And as discussed below, Ms. Kyte has not alleged facts sufficient to establish federal question jurisdiction. Thus, Ms. Kyte has waived her right to appellate review, and none of the pro se exceptions are applicable.

Even if Ms. Kyte had not waived her right to appellate review, her appeal would still fail. We review subject matter jurisdiction de novo. Wells Fargo Bank, N.A. v. Mesh Suture, Inc., 31 F.4th 1300, 1306 (10th Cir. 2022). Federal courts have limited jurisdiction. Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). The party asserting jurisdiction has the burden of establishing it. Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1201 (10th Cir. 2012). And while this court construes pro se complaints liberally, pro se litigants "must comply with the same rules of procedure as other litigants." Requena v. Roberts, 893 F.3d 1195, 1205 (10th Cir. 2018).

Here, Ms. Kyte initially claimed federal question jurisdiction based on a federal criminal statute. When the magistrate judge informed her of this defect, she claimed diversity jurisdiction in an amended complaint without any elaboration. She then settled on 12 U.S.C. § 632 in her second amended complaint. R. 26. Section

3

632 concerns international banking, Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay, 693 F.2d 1000, 1004 (10th Cir. 1982), and confers federal question jurisdiction only where the suit "arise[s] out of an offshore banking or financial transaction of that federally chartered corporation," Am. Int'l Grp., Inc. v. Bank of Am. Corp., 712 F.3d 775, 784 (2d Cir. 2013). As Ms. Kyte makes no such allegations, federal question jurisdiction does not exist. Although Ms. Kyte suggests other provisions that might confer jurisdiction on appeal, we do not consider them as they were not presented to the district court. See Little v. Budd Co., 955 F.3d 816, 821 (10th Cir. 2020).

Ms. Kyte has moved for in forma pauperis (IFP) status to proceed on appeal without prepayment of fees. In deciding whether to grant such a motion, a movant "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). The eventual merit, or lack thereof, of the arguments raised is not the test. Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962). But in order to demonstrate a rational argument on the law or the facts on appeal, a movant generally must make some attempt to engage with the district court or magistrate judge's reasoning and explain why it is incorrect.

We DISMISS Ms. Kyte's appeal, and DENY her motion to proceed IFP because she makes no rational argument on the law or the facts.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge