**Arnold LONDON, Plaintiff-Appellee,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, Defendant-Appellant.**

**No. 75–4096**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 5, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Ira M. Witlin, Miami, Fla., for defendant-appellant.

James W. Miller, Coral Gables, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's order remanding this case as untimely removed under 28 U.S.C.A. § 1446(b).[1] We hold that the appeal should be dismissed for failure of jurisdiction.[2]

The facts pertinent to this appeal are that the Plaintiff sued the Defendant insurance company in Florida state court attempting to recover for the theft of a boat under an insurance policy issued to him by the Defendant. More than 30 days after the complaint was filed the Defendant filed this petition for removal to Federal Court claiming excusable delay because the complaint was not explicit as to the residence of the Plaintiff.[3] The Federal District Judge rejected this argument and remanded this case and it is from this order that appeal was taken presumably pursuant to 28 U.S.C.A. § 1291.

---

1. 28 U.S.C.A. § 1446(b)

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

2. Because we have no jurisdiction we do not consider or decide the issues presented: (i) whether the Court erred in its strict application of the 30 day time limit of § 1446(b) and, (ii) whether 28 U.S.C.A. § 1447(d) which prohibits appellate review of remand orders is unconstitutionally violative of the plaintiff's right to procedural due process. Even if this Court had jurisdiction this latter issue would not properly be before this Court because as far as we can see, it was never presented to the District Court and accordingly there is no ruling from which appeal could be taken.

3. The Court apparently rejected the Defendant's excusable delay argument because the insurance policy which was made a part of the complaint as permitted by both the Federal Rules, F.R.C.P. 19(c) and the State Rules, Fla.R.C.P. 1.130, clearly stated the Plaintiff's state of residence as Florida.

Before the Supreme Court's recent decision in *Thermtron Products, Inc. v. Hermansdorfer*, 1976, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 [44 L.W. 4085] there was little doubt that 28 U.S.C.A. § 1447(d) proscribed appellate review of orders by the District Court remanding cases to the state courts from whence they came,[4] except in civil rights cases.[5] *See Thermtron Products, Inc. v. Hermansdorfer, supra* (J. Rehnquist, dissenting); *United States v. Rice*, 1946, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982; *United States v. Gunn*, 9 Cir., 1975, 511 F.2d 1024, 1027; *McClanahan v. State of Louisiana*, 5 Cir., 1968, 399 F.2d 695; *cf. Southeast Mortgage Company v. Mullins*, 5 Cir., 1975, 514 F.2d 747, 749. *See also 9 Moore's Federal Practice* § 110.05 (2d ed. 1975); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3740 n. 1 (1976).

Now we are told by the majority in *Thermtron* that § 1447(d) must be read with § 1447(c)[6] and that a remand order may be reviewed by writ of mandamus by this Court if it was entered because of reasons other than those provided by § 1447(c), that is, the Federal Court lacked jurisdiction of the removed case and the case was *removed improvidently.*

Here the Court had Diversity Jurisdiction, 28 U.S.C.A. § 1332, because the insurer was a resident of New York and the insured was a resident of Florida and more than $10,000 was in controversy. Moreover, although the Defendant failed to petition for removal within the 30 day time limit prescribed by § 1446(d) this has been held not to constitute a jurisdictional defect. *See, e. g., Weeks v. Fidelity and Casualty Company*, 5 Cir., 1955, 218 F.2d 503. *See also McLeod v. Cities Service Gas Company*, 10 Cir., 1956, 233 F.2d 242; *Adams v. Western Steel Building, Inc.*, D.Colo., 1969, 296 F.Supp. 759, 761.

Nevertheless, we hold that well within the bounds of § 1447(c) and the *Thermtron* decision this case was improvidently removed and that it is now improperly presented to this Court by appeal rather than mandamus.

This conclusion is bolstered by the *Thermtron* decision. In that case the Defendant had challenged by writ of mandamus or prohibition, presented to the Sixth Circuit, the Trial Judge's decision to remand because he believed the case would be more expeditiously resolved in state court instead of being added to the already crowded docket of the Federal Court. Although there was no basis for this ruling in any of the removal statutes, the Sixth Circuit in reliance upon the strict limitations on appellate review of remand orders provided by § 1447(d), dismissed for lack of jurisdiction. The Supreme Court reversed, holding that a remand order which is outside the bounds of § 1447(c) may be reviewed in mandamus by the Court of Appeals notwithstanding the bar to review provided by § 1447(d).

But this is a different case both procedurally and factually. First, as mentioned above the appellant in this case has taken an improper avenue of review, for the Supreme Court in *Thermtron* specifically held that mandamus rather than direct appeal is the only remedy to require the District Court to entertain the remanded action. 44 L.W. at 4090, 423 U.S. at 352, 96 S.Ct. at 594, 46 L.Ed.2d at 555. Next, the Court recognized that in *Thermtron* all parties conceded that the District Court had jurisdiction and that the case had been

---

4.  § 1447(d)

    An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

5.  *See* 28 U.S.C.A. § 1443.

6.  § 1447(c)

    If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.

timely removed under § 1446(b).[7] Thus, even when, as here, jurisdiction exists, the failure to comply with the statutory time requirements is the sort of defect which the District Court was entitled to consider and which caused this case to be improvidently removed within the meaning of § 1447(c), and accordingly § 1447(d) divests this Court of jurisdiction to hear this appeal.

APPEAL DISMISSED.

7. By way of explanation the Court stated:

8. So far as the record reveals, it has not been questioned in this case that the cause is between citizens of different States, that it involves a claim of over $10,000 exclusive of interest and costs, is within the so-called diversity jurisdiction of the District Court and could have been initially filed in the District Court pursuant to 28 U.S.C. § 1331. It also seems common ground that there is no express statutory provision forbidding the removal of this action and that the cause was timely removed in strict compliance with 28 U.S.C. § 1446.

9. Lower federal courts have uniformly held that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute. *Romero v. ITE Imperial Corp.*, 332 F.Supp. 523, 526 (P.R.1971); *Isbrandtsen Co. v. Dist. 2, Marine Engineers Ben. Assn.*, 256 F.Supp. 68, 77 (E.D.N.Y. 1966); *Davis v. Joyner*, 240 F.Supp. 689, 690 (E.D.N.C.1964); *Vann v. Jackson,* · 165 F.Supp. 377, 381 (E.D.N.C.1958); 3 U.S. at 344, 96 S.Ct. at 589, 46 L.Ed.2d at 550, 44 L.W. at 4088, n. 8.

* Rule 18, 5 Cir. *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.