PER CURIAM:
This case began as a controversy over whether funds deposited by a corporation in a bank to secure payment of a judgment in favor of two former employees of that corporation were trust funds for their benefit or, instead, were the property of the trustee in bankruptcy in charge of the assets of the corporation’s assignee, see L. E. Creel, III v. Birmingham Trust National Bank, et al., 383 F.Supp. 871 (N.D.Ala., 1974). The District Court held that the money, about $400,000, was in trust for the employees as beneficiaries of the trust. On appeal, we summarily affirmed, 510 F.2d 1363 (1975).
Upon receipt of our mandate, the depository bank and the beneficiaries applied for reimbursement of reasonable attorney fees incurred in the successful defense of the trust. The trial court determined the reasonableness of the fees and allowed them. The trustee again appeals and, again, we affirm.
Viewed as a bankruptcy case the fees were allowable under federal law. If the case is a diversity case (it was so filed) the fees were allowable under Alabama law.
In Alyeska Pipeline Service v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), as exceptions to the “American Rule” on attorneys fees where not recoverable by contract or by statute, it was held:
“ . . . the historic power of equity . [may] permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys’ fees, from the fund or property itself or directly from the other parties enjoying the benefit.”
* * * * # *
“ ‘[I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney’s fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.’ ” 421 U.S. at 257, 259, 95 S.Ct. at 1621, footnote 31.
Title 46, § 63 of the Code of Alabama 1940 (Recomp.1958) provides in part:
“In all suits and proceedings . where there is involved the administration of a trust, . . . the court . may ascertain a reasonable attorney’s fees, to be paid to the attorneys or solicitors representing the trust ... or any party in the suit or proceeding yy
Finally, under the circumstances of this case, wherein a trustee in bankruptcy invokes diversity jurisdiction in an effort to seize a huge sum of money from persons not parties to the bankruptcy proceedings, we have been pointed to no sound reason for treating him any differently than any other litigant — especially where, as here, the District Court found the Trustee’s suit to have been both “overreaching and frivolous”.
AFFIRMED.