**LIVE AND LET LIVE, INC.,**
**Plaintiff-Appellant,**

v.

**CARLSBERG MOBILE HOME PROPERTIES, LTD.–'73 and Carlsberg Resources Corporation, Defendants-Appellees.**

**No. 78–3800.**

United States Court of Appeals,
Fifth Circuit.

April 5, 1979.

---

Blalock, Holbrook, Lewis, Paul & Isaac, P. A., Herman S. Paul, Jacksonville, Fla., for plaintiff-appellant.

Stichter, Stagg, Hoyt, Riedel & Fogarty, P. A., Tampa, Fla., William T. Bisset, Los Angeles, Cal., Charles P. Pillans, III, C. Harris Dittmar, Jacksonville, Fla., for defendants-appellees.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

BY THE COURT:

After a jury trial in this diversity case resulted in a verdict for $834,020.04, the district court, on proper motion, decided that it did not have diversity jurisdiction, vacated the judgment it had entered on the verdict, and remanded the case to the state court from which it had been removed. The plaintiff, seeking to preserve its verdict, filed a notice of appeal to which defendant has responded with a motion to dismiss the appeal on two grounds: first, the order vacating the court's judgment and remanding the case to the state court is not a "final decision" as required by 28 U.S.C.A. § 1291, and second, the appeal from an order of remand is barred by 28 U.S.C.A. § 1447(d). Since the review of an order remanding a previously removed diversity case to state court is barred by 28 U.S.C.A. § 1447(d), we grant the motion and dismiss the appeal.

Plaintiff, a Florida corporation, originally brought this action for damages for breach of contract in a Florida state court. Defendant, a California limited partnership, removed the action to federal court on the ground of diversity of citizenship. Immediately preceding the trial, defendant moved to remand the action to the state court contending there was no longer federal jurisdiction since in the interim defendant had acquired limited partners who were residents of Florida. The motion was denied. A jury trial resulted in a verdict for plaintiff in the amount of $834,020.04. Although the court entered judgment on the verdict, it stayed execution of the judgment pending resolution of defendant's renewed post-trial motion for remand.

The district court then concluded that the citizenship of each of the limited partners must be taken into account for diversity purposes, vacated its judgment, and ordered a remand. The district court based the remand upon the lack of complete diversity among the adverse parties as required by *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Consequently, the remand was in accordance with the statutory requirement of 28 U.S.C.A. § 1447(c) that the case

had been removed improvidently and without jurisdiction. *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977); *In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642 (5th Cir. 1978). *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

 Because the remand was issued under the authority of § 1447(c), § 1447(d) governs our jurisdiction. It states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except for a limited range of statutory exceptions not relevant here. As Professor Moore has aptly remarked in his treatise, this provision "means exactly what it says." 1A Moore's *Federal Practice* ¶ 0.169[2–1] at 564 (2d ed. 1974). We cannot even consider whether the district court was correct in its view of diversity jurisprudence. *See Colonial Realty Corp. v. Bache & Co.*, 358 F.2d 178 (2d Cir.), *cert. denied*, 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966). The Supreme Court said in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976):

> There is no doubt that . . . Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.

*Accord, e. g., Robertson v. Ball*, 534 F.2d 63, 65 (5th Cir. 1976); *London v. United States Fire Insurance Co.*, 531 F.2d 257, 259–260 (5th Cir. 1976). Nor is it incumbent upon us to determine whether the district court could have entered a sustainable judgment rather than remand to the state court. *See Burleson v. Coastal Recreation, Inc.*, 572 F.2d 509 (5th Cir.), *en banc court dissolved*, 577 F.2d 354 (1978); *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974); *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954 (5th Cir. 1966). A court may at any time, even on its own motion, consider questions pertaining to its own jurisdiction. Fed.R.Civ.P. 12(h)(3); *Louisville & Nashville R. R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

Plaintiff argues that the district court could not have entered the remand under 28 U.S.C.A. § 1447(c) which only authorizes remand "at any time before final judgment." But the district court judgment for plaintiff entered on the jury verdict never became final. The district court specifically stayed execution of the judgment while it considered the post-trial motion to remand.

The finality of a judgment must be determined from the circumstances under which it was entered. To be sure, the fact that it might be modified by subsequent independent proceedings does not affect the finality of a judgment. *Tutun v. United States*, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738 (1926). *See* Fed.R.Civ.P. 60(b) (motion for relief from judgment does not affect finality). Where the judgment is, however, expressly subject to matters which have not yet been resolved, it is not final. *Segundo v. United States*, 221 U.S. 296 (9th Cir. 1955). *See* Fed.R.Civ.P. 54(b) (involving complex litigation). *See generally*, 15 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3915 at 602–603 (1976).

The motion to dismiss the appeal is GRANTED.

APPEAL DISMISSED.