Kenneth A. ROYAL, Plaintiff-Appellee,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant.

No. 82–3176

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 18, 1982.

Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, La., for defendant-appellant.

Davis & Simmons, Kenneth N. Simmons, Maney, La., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

State Farm Mutual Fire and Casualty Company ("State Farm") appeals an order remanding this case to Louisiana state court. We dismiss the appeal because the district court's action was not a final, appealable order; in the alternative, we find the appeal is barred by 28 U.S.C. § 1447(d), and accordingly dismiss for want of subject matter jurisdiction.

Appellee Kenneth Royal brought this action in a Louisiana state court to compel payment under a fire insurance policy. Royal, a Louisiana resident, named State Farm and its local agent Ken Adams as defendants. Adams is also a Louisiana resident; State Farm is incorporated and has its principal place of business in Illinois. State Farm removed the action to the United States District Court for the Western District of Louisiana, alleging that Adams had been fraudulently joined to defeat diversity. The district court remanded, stating its belief that Louisiana law might possibly provide a cause of action against the agent as well as the principal in these circumstances, and that joinder of the non-diverse agent was therefore not fraudulent.

On remand, the state court granted an "Exception of No Cause of Action" with respect to Adams, dismissing him from the case. Over sixty days later, two days after the time to appeal Adams' dismissal had expired, State Farm filed a second removal petition realleging diversity jurisdiction. In a memorandum ruling, the district court once again remanded.

The district court based its decision on two grounds: (1) a case non-removable on the initial pleadings may become removable if the plaintiff *voluntarily* dismisses a non-diverse defendant but not if the dismissal is *involuntary*, and (2) the removal petition was untimely under 28 U.S.C. § 1446(b). For the first proposition the court cited *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545

(5th Cir. 1967), *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978), and *Phillips v. Unijax, Inc.*, 625 F.2d 54 (5th Cir. 1980). The court concluded that the case "was improvidently removed and that the court is without jurisdiction."

State Farm now seeks appellate review of the district court's order. Although this matter is before us as a direct appeal, we note that a remand order, alone, does not ordinarily constitute a final, appealable judgment; accordingly, review of such an order, when permitted, should be by mandamus rather than direct appeal. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 352–53, 96 S.Ct. 584, 593–94, 46 L.Ed.2d 542 (1976). We therefore lack jurisdiction under 28 U.S.C. § 1291 and must dismiss the appeal. Moreover, as we now show, 28 U.S.C. § 1447(d) precludes review of this case "on appeal or otherwise." Hence, even if State Farm had correctly chosen mandamus as a means to obtain review, or if we now construed its appeal liberally as a request for such relief, dismissal would be required. *See generally Self v. Self*, 614 F.2d 1026 (5th Cir. 1980) (dismissal of attempted direct appeal); *London v. United States Fire Insurance Co.*, 531 F.2d 257 (5th Cir. 1976) (same).

We begin by noting that although the parties do not mention § 1447(d) in their briefs, this section presents a threshold question of jurisdiction that the appellate courts must consider, *sua sponte*, whenever the question arises. *See, e.g., Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd.—'73*, 592 F.2d 846, 848 (5th Cir. 1979). Section 1447(d) by its terms provides a clear mandate:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

Section 1443 pertains to removal in civil rights cases and is not applicable here. Although the terms of section 1447(d) suggest an absolute bar to review of remand orders, the Supreme Court's decision in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), requires an additional inquiry.

*Thermtron* held that sections 1447(c) and (d) must be read together, and that only the remand orders authorized by section 1447(c) are immunized from review. 423 U.S. at 345, 96 S.Ct. at 590. Section 1447(c) provides that "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ." 28 U.S.C. § 1447(c) (1976). The district court in *Thermtron* had remanded on the ground that its docket was too crowded to afford the litigants a reasonably speedy trial; because this was a non-1447(c) ground, the Court held, the district court had exceeded its statutorily defined power and review was not barred. 423 U.S. at 351, 96 S.Ct. at 593.

As *Thermtron* itself stated, however, "if a trial judge *purports* to remand a case on the ground that it was removed 'improvidently and without jurisdiction,' his order is not subject to challenge in the court of appeals . . . ." *Id.* at 343, 96 S.Ct. at 589. (emphasis added; *see also Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). This circuit defers to a district court's finding that remand is appropriate under 1447(c); the *Thermtron* exception applies only when the district court has affirmatively stated and relied upon a non-1447(c) ground for remand. *See In re Weaver*, 610 F.2d 335, 337 (5th Cir. 1980); *In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642, 648 (5th Cir. 1978).[1] Once section 1447(c) is invoked, therefore, review of the merits is barred "no matter how clearly erroneous the order appears on its face." *Id.; see also Volvo of*

---

1. For examples of cases in which remand was not justified under section 1447(c), see *In re Shell Oil*, 631 F.2d 1156 (5th Cir. 1980); *In Re Carter*, 618 F.2d 1093 (5th Cir. 1980), *cert.*

denied, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981); *In re Greyhound Lines, Inc.*, 598 F.2d 883 (5th Cir. 1979).

*America Corp. v. Schwarzer*, 429 U.S. 1331, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976) (Rehnquist, Circuit Justice); *Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd.—'73*, 592 F.2d 846, 848 (5th Cir. 1979).

The district court in this case expressly based remand on the finding that the case was removed "improvidently and without jurisdiction" and its order states only section 1447(c) grounds. Untimely filing of the removal petition, for example, is a defect causing "improvident" removal. *London v. United States Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir. 1976). In addition, the district court purported to use the "voluntary-involuntary" rule as a test of diversity jurisdiction for purposes of removal. *Cf. Self v. General Motors*, 588 F.2d 655, 658 (9th Cir. 1978) ("The voluntary-involuntary rule ... applies to the diversity requirement"). Accordingly, section 1447(d) applies and we cannot reach the merits of the district court's order.

APPEAL DISMISSED.