Ursula SPENCER, et al.,
Plaintiffs-Appellees,

v.

NEW ORLEANS LEVEE BOARD,
Defendant-Appellant.

Charles CRAWFORD, et al.,
Plaintiffs-Appellees,

v.

NEW ORLEANS LEVEE BOARD,
Defendant-Appellant.

Warrence SMITH, et al.,
Plaintiffs-Appellees,

v.

BOARD OF LEVEE COMMISSION OF
the ORLEANS LEVEE DISTRICT,
Defendant-Appellant.

No. 84–3027
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 3, 1984.

Boggs, Loehn & Rodrigue, Thomas E. Loehn, New Orleans, La., for Orleans Pr. Levee Bd.

Wiedemann & Fransen, Lawrence Weidemann, New Orleans, La., for Ursula Spencer.

Joseph E. Windmeyer, Paul J. Yaeger, Metairie, La., for Charles Crawford.

Jules J. Mumme, III, New Orleans, La., for Warrence Smith.

Herbert B. Bowers, III, Asst. City Atty., New Orleans, La., for City of New Orleans.

Eneid A. Francis, Asst. U.S. Atty., New Orleans, La., for Nat. Weather Service.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before CLARK, Chief Judge, and GEE and JOLLY, Circuit Judges.

CLARK, Chief Judge:

Residents of the Parish of Orleans, Louisiana, filed a class action against the New Orleans Parish Levee Board (Levee Board), the City of New Orleans, and the State of Louisiana in the state courts of Louisiana. They alleged that the Levee Board had negligently failed to close the flood gates on the Industrial Canal, resulting in flood damage to their property. The Levee Board filed a third-party complaint against the National Weather Service, an agency of the United States, alleging that it negligently had failed to predict the weather and tidal conditions accurately and to warn the Levee Board.

The United States removed the entire case to the United States District Court pursuant to 28 U.S.C. § 1441(a). The district court dismissed the third-party complaint against the National Weather Service for lack of subject matter jurisdiction, holding that because the Federal Tort Claims Act vested exclusive jurisdiction in the district court, 28 U.S.C. § 1346(b), the Louisiana court had no jurisdiction over the federal agency, and the district court acquired no derivative jurisdiction upon removal. The main demand was remanded to state court. *Spencer v. New Orleans Levee Board,* 563 F.Supp. 1352 (E.D.La. 1983). That judgment is not appealed.

Upon remand, the Levee Board amended its third-party complaint, reiterating the original third-party allegations against the National Weather Service and adding David Barnes, the area manager of the National Weather Service at the time of the flooding, as another negligent third-party defendant. The National Weather Service joined in Barnes' petition for removal to federal court. Barnes also removed to federal court two related cases pending against him in state court. The National Weather Service was not named as third-party defendant in these two related cases. The district court dismissed the complaints against Barnes in all three cases on the grounds that, as a federal official, he enjoyed absolute immunity from civil suit for the discretionary actions taken in the course of his employment. In the instant action, the court also ruled that it was without continuing jurisdiction over the National Weather Service, which it had previously dismissed on removal. The main demands were again remanded to state court. All three of these cases are consolidated on this appeal brought by the Levee Board. We affirm.

## I

In *Williams v. Collins,* 728 F.2d 721, 727 (5th Cir.1984), this court recently addressed the issue of absolute immunity of federal officials. We stated:

Federal officials enjoy absolute immunity from common law tort liability for actions within the scope of their authority. *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Claus v. Gyorkey,* 674 F.2d 427 (5th Cir.1982). This absolute immunity does not hinge on a functional analysis as with constitu-

tional torts. *See id.* at 431; *Evans v. Wright,* 582 F.2d 20 (5th Cir.1978).... All that is necessary is that " 'the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities ...,' " *Claus v. Gyorkey,* 674 F.2d at 431, *quoting Scherer v. Brennan,* 379 F.2d 609, 611 (7th Cir.1967), *cert. denied,* 389 U.S. 1021, 88 S.Ct. 592, 19 L.Ed.2d 666 (1967), and that the action of the official is connected with a "discretionary function." *Norton v. McShane,* 332 F.2d 855 (5th Cir.1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965).

■ The "discretionary function" requirement is determined according to whether "the act complained of [is] the result of a judgment or decision which it is necessary that the Government official be free to invoke without fear or threat of vexatious or fictitious suits and alleged personal liability." *Norton v. McShane,* 332 F.2d at 859, *quoting Ove Gustavsson Contracting Co. v. Floete,* 299 F.2d 655 (2d Cir.1962), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed.2d 1050 (1963). *See also United States v. S.A. Empreson De Viacao Aerea Rio Grandense (Varig Airlines ),* —— U.S. ——, —— –– ——, 104 S.Ct. 2755, 2762–2765, 81 L.Ed.2d 660 (1984) (construing "discretionary function" under 28 U.S.C. § 2680(a), The Federal Tort Claims Act).

■ The Levee Board does not argue that Barnes' actions which it complains of were not within the outer bounds of his authority, but rather that those actions were not connected with a "discretionary function." The Levee Board's third-party complaint alleges specifically that Barnes failed to supervise his employees properly, to monitor flood conditions properly, and to warn the Levee Board of these conditions. The contention is not well taken. The actions of Barnes were clearly "discretionary functions" as we have defined that term and within the scope of Barnes' authority. The district court correctly held that Barnes enjoyed absolute immunity from this common law tort cause of action. *Accord National Manufacturing Co. v. United States,* 210 F.2d 263 (8th Cir.1954) (federal employees were immune from alleged negligence in giving misinformation regarding flood conditions).

## II

The Levee Board argues that upon removal the district court had jurisdiction over the National Weather Service "based on that agency's petitioning for a removal, along with David Barnes" under 28 U.S.C. § 1442(a).

■ The state court had no jurisdiction over the claim against the National Weather Service brought under the Federal Tort Claims Act, which vests exclusive jurisdiction in the district court. 28 U.S.C. § 1346(b). Adding Barnes as a third-party defendant could not cure the state court's lack of jurisdiction over the National Weather Service. Although the state court had jurisdiction over the claim against Barnes, providing a basis for the federal court to acquire removal jurisdiction over that element of the controversy, as well as over nonfederal ancillary matters over which the state court had jurisdiction, *see IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d 152, 159 (5th Cir.1982), the claim against Barnes provided the state court no jurisdiction over the claim against the National Weather Service. Thus the district court could acquire no subject matter jurisdiction over the National Weather Service upon removal:

When a case is removed from a state court into a federal court, the latter takes it as it stood in the former. A want of jurisdiction in the state court is not cured by the removal, but may be asserted after it is consummated.

*General Inv. Co. v. Lake Shore & M.S. Ry. Co.,* 260 U.S. 261, 43 S.Ct. 106, 117, 67 L.Ed. 244 (1922). *See also Arizona v. Ma-*

*nypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981).*

■ Furthermore, lack of federal subject matter jurisdiction cannot be waived by the parties. *See Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934). A fortiori, the mere joinder by the National Weather Service could not create subject matter jurisdiction where there was none. Since the state court lacked jurisdiction, the district court acquired none on removal.

Therefore, we do not reach the question whether the National Weather Service is immune from suit in this matter.

### III

■ The Levee Board seeks appellate review of the remand orders in these consolidated cases. Under 28 U.S.C. § 1447(d), "[a]n order remanding the case to the State court from which it was removed is not reviewable on appeal or otherwise...," with one exception not applicable here pertaining to civil rights cases removed pursuant to § 1443. This provision must be read in conjunction with 28 U.S.C. § 1447(c), which provides, "If any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case ...." Only remand orders authorized under § 1447(c) are immune from review under § 1447(d). *See Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976); *Royal v. State Farm Fire and Casualty Co.,* 685 F.2d 124 (5th Cir.1982).

In *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.,* 676 F.2d at 158, we noted that removal pursuant to 28 U.S.C. § 1442(a)(1) of a controversy involving a federal agency or officer creates ancillary federal jurisdiction over the nonfederal elements of the controversy. We held that once the federal claims had dropped out of the case, the district court had discretion to decline to exercise continued jurisdiction over the nonfederal elements. "Once this discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one 'removed improvidently and without jurisdiction.'" 676 F.2d at 160.

The district court properly exercised its discretion, stating that it was reluctant to disturb the plaintiffs' choice of forum where there was no continuing basis for federal jurisdiction. Accordingly, this remand order was authorized under § 1447(c) and immune under § 1447(d) from appellate review.

For these reasons, the judgment of the district court is

AFFIRMED.

---

* In *Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1388 n. 4 (11th Cir.1982), Judge Thornberry discussed the derivative nature of removal jurisdiction:

We realize that this strictly derivative view of removal jurisdiction may seem overly technical, at least to the layperson. Why, one might ask, should the federal district court dismiss a claim that clearly could have been brought there in the first instance? The answer lies in the nature of removal jurisdiction—which is simply a method of transferring into federal court a state court suit containing a federal jurisdictional ground. It also lies in the balance between federal and state judicial power—a balance that requires the federal courts to give "[d]ue regard for the rightful independence of state governments" and to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Romero v. International Terminal Operating Company,* supra, 358 U.S. [354] at 380, 79 S.Ct. [468] at 484, 3 L.Ed.2d [368] at 386 [ (1959) ]. Finally, ... especially when the ground for removal is not contained in the plaintiff's own complaint, it preserves the plaintiff's right to choose a state forum. To serve these purposes, the federal courts must carefully scrutinize the bounds of removal jurisdiction, even to the point of apparently impractical detail—for these details in the given case eventually guarantee higher goals in all cases.