767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BRUCE HOWELL, GREGORY BAYLESS, PLAINTIFFS-APPELLEES,
v.
HIRAN A. RICHARDSON, ET AL., DEFENDANTS,
STATE FARM INSURANCE CO., DEFENDANT-APPELLANT.
 NO. 84-3853
 United States Court of Appeals, Sixth Circuit.
 6/7/85
 
 S.D.Ohio
 APPEAL DISMISSED
 ORDER
 BEFORE: MERRITT, WELLFORD and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of Bayless' motion to dismiss the appeal for lack of jurisdiction, response in opposition thereto filed by Richardson, Bayless' supplemental memorandum in support of the motion and Richardson's supplemental memorandum in opposition thereto.
 
 
 2
 It appears from the record that in 1983 the Court of Common Pleas of Franklin County, Ohio entered a judgment against Richardson and in favor of plaintiff Bayless for $100,000 for personal injuries and other damages. Bayless subsequently filed a supplemental complaint against Richardson's insurer, State Farm Mutual Automobile Insurance Company, pursuant to O.R.C. Sec. 3929.06. State Farm petitioned for removal of the action to the United States District Court for the Southern District of Ohio. A motion to remand the case back to the Court of Common Pleas was filed by Bayless in the United States District Court. The motion to remand was made pursuant to 28 U.S.C. Sec. 1447(c) and was based upon lack of diversity. By order filed September 12, 1984, the district court specifically agreed with the grounds stated in Bayless' motion to remand and granted remand of the action to the Court of Common Pleas of Franklin County, Ohio. State Farm appealed from the order of remand.
 
 
 3
 Under 28 U.S.C. Sec. 1447(d), an order remanding a case removed pursuant to Sec. 1441 is not reviewable by appeal of otherwise. However, if a court has remanded a case on grounds other than those specified in 28 U.S.C. Sec. 1447(c), an appellate court may correct the error through the use of a writ of mandamus. Thermtron Product, Inc. v. Hermansdorfer, 423 U.S. 336 (1976); In re Romulus Community Schools, 729 F.2d 431, 435 (6th Cir. 1984); In re Shell Oil Co., 631 F.2d 1156 (5th Cir. 1980). A remand order based on Sec. 1447(c) grounds is immune from review even if it is clearly erroneous on its face. Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977); State Farm Mutual Automobile Insurance Co. v. Baasch, 644 F.2d 94 (2nd Cir. 1981); Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, 592 F.2d 846 (5th Cir. 1979).
 
 
 4
 The order of the district court remanding the case to the state court did not specifically state the grounds specified in 28 U.S.C. Sec. 1447(c) as the reason for the remand. However, appellate courts will liberally construe the district court's reasons for a remand to find that the court invoked Sec. 1447(c) and thereby avoid reviewing the challenged order. In re Romulus Community Schools, 729 F.2d at 435. The district court's order specifically agreed with the plaintiff-appellee's contention that removal to the district court was improper. Plaintiff's motion to remand the case back to the state court was made pursuant to 28 U.S.C. Sec. 1447(c) and was based upon lack of diversity. A remand based upon the lack of complete diversity is in accordance with the statutory requirement of 28 U.S.C. Sec. 1447(c). Live and Let Live, Inc. v. Carlsberg Mobile Home Properties, supra. Therefore, the district court's order of remand was also made pursuant to 28 U.S.C. Sec. 1447(c). Since the remand was made pursuant to 28 U.S.C. Sec. 1447(c), this Court lacks jurisdiction to review the remand order. 28 U.S.C. Sec. 1447(d).
 
 
 5
 It is ORDERED that the motion to dismiss be granted and the appeal be and it hereby is dismissed. Rule 8, Rules of the Sixth Circuit.