William H. **HERRINGTON** and Audie Byrd **Herrington, Plaintiffs,**

v.

**J.R. POUNDS, INC., Texaco, Inc., and J.R. Pounds, Defendants.**

Civ. A. No. 3:94–cv–699WS.

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 18, 1995.

---

David T. Cobb, Jackson, MS, James R. Cox, New Orleans, LA, L. Arthur Hewitt, Hattiesburg, MS, for plaintiffs.

Richard M. Edmonson, Jackson, MS, Guy M. Walker, II, Richard O. Burson, Norman G. Hortman, Jr., Laurel, MS, for defendants.

## ORDER

WINGATE, District Judge.

Before the court is plaintiffs' motion which asks this court to remand this lawsuit to state court, namely, the Circuit Court for the First Judicial District of Hinds County, Mississippi, where the case originated before defendants removed it under Title 28 U.S.C.

§§ 1441[1] and 1446[2] to this court. Submitted pursuant to Title 28 U.S.C. § 1447(c),[3] plaintiffs' motion disputes defendants' contention that plaintiffs' complaint urges a claim which is federal in nature. Instead, say plaintiffs, their lawsuit seeks redress only under claims predicated on state law. Plaintiffs additionally argue that defendants' Petition for Removal, which caused this case to be transferred here from state court, was untimely filed beyond the thirty-day period for such filing after the plaintiffs' complaint was served upon defendants. *See* 28 U.S.C. § 1446(b).[4]

Defendants take issue with plaintiffs' assertions. Defendants contend that plaintiffs' complaint and amended complaint assert a federal cause of action and, further, that plaintiffs disguised this fact until recently. According to defendants, plaintiffs' true purpose was discerned only after plaintiffs filed their motion for partial summary judgment in state court. Once informed of the true nature of plaintiffs' legal theory, defendants say they immediately effectuated removal of this lawsuit from state to federal court under 28 U.S.C. §§ 1441 and 1446 within thirty days of such knowledge. Thus, conclude defendants, this case was properly removed.

After briefing was complete, this court allowed oral argument on the points disputed. For the reasons which follow, this court is persuaded to grant the plaintiffs' motion.

The plaintiffs here are William H. Herrington and Audie Byrd Herrington, husband and wife. The defendants are J.R. Pounds, Inc.; Texaco, Inc.; and J.R. Pounds in his individual capacity. Plaintiffs, owners of real property located in Jones County, Mississippi, charge defendants with contaminating their land with radioactive scales, residues, and other materials harmful to human health and destructive to the market value of the land. In addition to other remedies, plaintiffs want defendants to be held responsible for all costs associated with clean-up and restoration of the property.

Plaintiffs filed their lawsuit in state court on September 29, 1993. On May 20, 1994, they amended their complaint. Plaintiffs' complaint, charging defendants with contaminating their property with radioactive substances, asserted counts based on theories of negligence, trespass, nuisance, and strict liability. The amended complaint sought a mandatory injunction to require the defendants to clean up and restore the property in question and to require the defendants to pay the costs associated with such. Then, on November 7, 1994, the plaintiffs entered a motion in state court for partial summary judgment on the issue of "response costs" associated with the investigation, monitoring and clean-up of the property. According to the defendants, the plaintiffs' motion for partial summary judgment for the first time revealed that the plaintiffs might be seeking

1. Title 28 U.S.C. § 1441(a) provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress," any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. Title 28 U.S.C. § 1446(a) provides that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served on such defendant or defendants in such action."

3. Title 28 U.S.C. § 1447(c) provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after filing the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded...."

4. Title 28 U.S.C. § 1446(b) provides in pertinent part:
   (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

relief that was available only under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. §§ 9601–9675, as amended by the Superfund Amendments and Reauthorization Act of 1986 (SARA).[5] Thereafter, on November 22, 1994, defendants removed this case to this court.

The issues raised by the parties' dispute herein are readily identified: whether plaintiffs' thrust for relief relies upon a federal cause of action and, if so, whether defendants timely filed their Notice of Removal. Settled case law dictates that removability is to be determined from the face of the complaint, following the "well-pleaded complaint rule." This rule prescribes that "federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir.1988). Since removability is a federal question, this examination of the complaint under this rule, *e.g.*, the character of the claims asserted and whether any claims are "separate and independent" under 28 U.S.C. § 1441(c), must be conducted pursuant to federal law. *Kansas Public Employees Retirement System v. Reimer & Koger*, 4 F.3d 614, 618 (8th Cir. 1993), citing *Harrison v. St. Louis & San Francisco RR Co.*, 232 U.S. 318, 329, 34 S.Ct. 333, 335–36, 58 L.Ed. 621 (1914). Further, the courts examine the complaint as it existed at the time of removal; *Nutro Products Corporation v. NCNB Texas National Bank*, 35 F.3d 1021, 1023 (5th Cir.1993), citing *Brown v. Southwestern Bell Telephone Company*, 901 F.2d 1250, 1254 (5th Cir.1990); subsequent amendments after removal should not be considered. *Id.* at 1023. Removability does not attach simply because a federal question may arise during the course

of a defense or counterclaim, *Beers v. North American Lines, Inc.*, 836 F.2d 910 (5th Cir. 1988); nor is removability to be frustrated by plaintiff's artful or disguised pleading. *Aaron v. National Union Fire Insurance Company*, 876 F.2d 1157, 1161 (5th Cir.1989), *reh. denied*, 886 F.2d 1314, *cert. denied sub nom. American Home Insurance Group v. Aaron*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1989). The "artful pleading" circumstance occurs where plaintiff's sole claim is a federal one; it does not apply where plaintiff has a viable state law claim and a federal claim, but plaintiff simply opts to pursue the state claim. This latter circumstance falls outside of the "artful pleading" limitation and is one which would not support removal on federal question grounds. *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir.1988).

The timeliness of removal is governed by 28 U.S.C. § 1446(b). In general, a defendant must file a notice of removal within thirty days after receipt of the first pleading in the state court action that sets forth a removable claim. *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994) (28 U.S.C. § 1446(b) requires a defendant to file notice of removal within thirty days of receipt of the "initial pleading" setting forth the claim for relief); *Rivers v. International Matex Tank Terminal*, 864 F.Supp. 556, 558 (E.D.La. 1994), citing *York v. Horizon Federal Savings and Loan Association*, 712 F.Supp. 85, 87 (E.D.La.1989); and *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986) (the failure to file for removal within the thirty day period is fatal); *Buchner v. FDIC*, 981 F.2d 816 (5th Cir.1993) (Note 1: See 28 U.S.C. § 1446(b) generally requiring that a notice of removal be filed within 30 days of when the action becomes removable); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir.1992) (the thirty-day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading, if the pleading reveals that the case is removable). This thirty-day period is statutory and cannot be extended by stipulation,

---

**5.** Under CERCLA, response actions are divided into two broad categories: (1) removal—aimed at preventing environmental damage in the short-term (see 42 U.S.C. § 9601(23)) and (2)

remedial—focused on permanently cleaning up a site. *See Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380 n. 4 (5th Cir.1989).

*Albonetti v. GAF Corporation–Chemical Group,* 520 F.Supp. 825, 827 (S.D.Tex.1981), citing *London v. United States Fire Ins. Co.,* 531 F.2d 257 (5th Cir.1976); however, tardy removal is a waivable defect which, if left unchallenged, will be insulated from later attack. *Belser v. St. Paul Fire & Marine Insurance Company,* 965 F.2d 5, 6 (5th Cir. 1992), citing *Baris v. Sulpicio,* 932 F.2d 1540, 1543–44 (5th Cir.), *cert. denied,* 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991). If somehow the plaintiff's complaint fails to reflect on its face a federal cause of action, defendant's removal clock starts to tick at the point when defendant is first put on notice that the case is removable. *Leffall v. Dallas Independent School District,* 28 F.3d 521, 524 (5th Cir.1994) ( [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .); *Barnes v. Westinghouse Electric Corporation,* 962 F.2d 513, 515 n. 4 (5th Cir. 1992) (same); *Burks v. Amerada Hess Corporation,* 8 F.3d 301, 305 (5th Cir.1993) ( [a] notice of removal must be filed within thirty days after receipt by the defendant of a document from which it may first be ascertained that the case is removable . . .); *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.1993) (§ 1446(b) expressly grants an additional thirty days from the time that a defendant discovers that the case has become or always has been removable); *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir.1992) (the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable); and *Rivers v. International Matex Tank*

*Terminal,* 864 F.Supp. 556 (E.D.La.1994) (if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable). This "notice" may be supplied through discovery, amended pleadings, etc. *See Federal Deposit Ins. Corp. v. Crowe,* 652 F.Supp. 740 (N.D.Tex.1984) (thirty-day period found to commence only after plea in intervention was filed).

◼ According to the defendants, as revealed by plaintiffs' state court motion for partial summary judgment, the plaintiffs' amended complaint conceals a CERCLA claim. Therefore, argue defendants, this court has jurisdiction over this lawsuit firstly upon 42 U.S.C. § 9613(b) of CERCLA which provides in pertinent part that "the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy;" and secondly, based on 28 U.S.C. § 1331 which provides that "district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

During oral argument on the controversy herein, plaintiffs' counsel steadfastly contended that plaintiffs do not seek any relief whatsoever under CERCLA. According to plaintiffs' counsel, all the relief they seek is obtainable under the state law theories of negligence, nuisance, and strict liability.[6]

Defendants agreed that plaintiffs' state law claims were adequate vehicles for some relief upon proper proof, but voiced fears that if this matter were returned to state court that plaintiffs would yet seek damages peculiarly within the domain of CERCLA.[7]

---

**6.** *Boone v. DuBose,* 718 F.Supp. 479, 487 (M.D.La.1988) (Congress did not expressly or inferentially intend for federal law to be preemptive when it enacted CERCLA and its amendments); *Manor Care, Inc. v. Yaskin,* 950 F.2d 122, 126 (3rd Cir.1991) (Congress did not intend for CERCLA to occupy the field or prevent the states from enacting laws to supplement federal measures); *Akzo Coatings of America v. American*

*Renovating,* 842 F.Supp. 267, 273 (E.D.Mich. 1993), citing *U.S. v. Akzo,* 949 F.2d 1409, 1454–55 (6th Cir.1991) (Congress did not intend for CERCLA to preempt state law remedies, such as nuisance).

**7.** *See Tanglewood East Homeowners v. Charles–Thomas, Inc.,* 849 F.2d 1568, 1574–75 (5th Cir. 1988), holding that remedies under CERCLA in-

Addressing counsel for plaintiffs, this court inquired whether counsel was willing to stipulate that plaintiffs were not seeking and would not seek any relief under CERCLA in the instant case if the lawsuit be remanded. Counsel for the plaintiffs immediately agreed to so stipulate if it was understood that by doing so they would not waive their right to seek relief under CERCLA in a separate action to be filed in federal court. The defendants responded that while they believed that a CERCLA claim had been stated by the plaintiffs in their amended complaint, they would accept the stipulation and would rely upon the state court trial judge to determine whether the plaintiffs' amended state court complaint asserts a valid claim for damages under Mississippi law. The Stipulation agreed to by plaintiffs is set out below:

COME NOW the Plaintiffs, William H. Herrington and Audie Byrd Herrington, by and through their counsel of record, and hereby stipulate to the following:

1. Plaintiffs stipulate that they do not seek in the present action any remedies, damages, or causes of action that are available exclusively under CERCLA, 42 U.S.C. § 9601, et seq., but that they seek in this action only remedies, damages, and causes of action that are available under the common law or statutes and regulations of the State of Mississippi.

2. By entering into this Stipulation, Plaintiffs do not intend to waive any rights Plaintiffs may have to file a separate action for remedies, damages and/or causes of action that are available exclusively under CERCLA, 42 U.S.C. § 9601, et seq.

Therefore, in view of the foregoing, this court finds that there is no federal question and no basis for this court's jurisdiction. *Willy v. Coastal Corp., supra.* The plaintiffs' motion to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi, is hereby granted.

**SO ORDERED AND ADJUDGED.**

clude "remedial action" such as costs of relocation, investigation, ditches and trenches, evaluation and monitoring, as well as costs of cleaning and removal.